IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO:

TOWN OF STURBRIDGE,

        Plaintiff

v.

THE TANTASQUA REGIONAL
SCHOOL DISTRICT, TOWNS OF
BRIMFIELD, BROOKFIELD,
HOLLAND AND WALES, AND DAVID
DRISCOLL, IN HIS CAPACITY AS
COMMISSIONER OF EUCATION FOR
THE MASSACHUSETTS
DEPARTMENT OF EDUCATION,

        Defendants

**NOTICE OF REMOVAL**

# 05-40002

FILING FEE PAID:
RECEIPT # 404491
AMOUNT $ 150.00
BY DPTY CLK ____
DATE 1-7-05

NOW COMES the Defendant, Town of Brimfield, and pursuant to the provisions of 28 U.S.C. §1441(b), hereby removes this matter to the United States District Court for the District of Massachusetts, Central Division, for the following reasons:

1.    On or about November 30, 2004, the Plaintiff, Town of Sturbridge filed suit in the Worcester County Superior Court against the Defendant, Town of Brimfield, and others. Said litigation was assigned Docket No. 04-2356C by the Worcester County Superior Court.

2.    On December 11, 2004 the Defendant, Town of Brimfield was served with a copy of the Summons, Complaint, Tracking Order and Civil Action Cover Sheet by Plaintiff's counsel, Patrick J. Costello. Said service was made upon the Town of Brimfield by Certified Mail.

3.    A copy of the Summons, Tracking Order, Worcester County Superior Court Civil Action Cover Sheet, Complaint, and exhibits to the Complaint are attached hereto as Exhibit "A."

4.    This Civil Action is properly removable to the United States District Court for the Central District of Massachusetts pursuant to the provisions of 28 U.S.C. §1441(b) inasmuch as the Plaintiff asserts in Counts IV and V of

1

the Complaint that the Defendants have violated "the Equal Protection Clause of the United States Constitution."

5.    As a result, this Court has subject matter jurisdiction over these proceedings pursuant to the provisions of 28 U.S.C. §1331.

6.    Pursuant to 28 U.S.C. §1446, copies of all process, pleadings and orders served upon the Defendant, Town of Brimfield, are attached hereto.

7.    Pursuant to the provisions of 28 U.S.C. §1446(b), the filing of this Notice of Removal is timely inasmuch as the filing has occurred within thirty days after receipt by the Defendant, Town of Brimfield, of a copy of the initial pleading setting forth the claim for relief.

8.    Pursuant to the provisions of 28 U.S.C. §1446(b), written notice of the filing of this Notice of Removal is being given to all adverse parties and to all parties to this litigation. In addition, a copy of the Notice of Removal is being filed with the Clerk of the Worcester County Superior Court.

The Defendant,
Town of Brimfield,
By Its Attorney,

MICHAEL J. COYNE, ESQUIRE
BACON & WILSON, P.C.
33 State Street
Springfield, MA 01103
Ph:  (413) 781-0560
Fax:  (413) 739-7740
BBO# 541834
January 7, 2005

## CERTIFICATE OF SERVICE

I, MICHAEL J. COYNE, hereby certify that on January 7, 2005, I caused a copy of the foregoing **Notice of Removal** to be served upon all interested parties by mailing a copy thereof, postage prepaid, first class mail to:

Patrick J. Costello, Esquire
Merrick, Louison & Costello
67 Batterymarch
Boston, MA  02110

2

Tantasqua Regional School District
320 Brookfield Road
Fiskdale, MA

Town of Brookfield
6 Central Street
Brookfield, MA

Town of Holland
27 Sturbridge Road
Holland, MA 01521

Town of Wales
3 Hollow Road
P.O. Box 834
Wales, MA

Mr. David Driscoll, Commissioner
Massachusetts Department of Education
350 Main Street
Malden, MA

MICHAEL J. COYNE

# EXHIBIT "A"

RECEIVED DEC 1 3 2004

## MERRICK, LOUISON & COSTELLO, LLP
### ATTORNEYS AT LAW

67 BATTERYMARCH STREET
BOSTON, MASSACHUSETTS 02110

TELEPHONE: (617) 439-0305
FACSIMILE: (617) 439-0325
www.merrickllo.com

received
12-11-04 9AM
standard US mail
Town Clerk
PO Box 508
Brimfield, MA 01010

December 9, 2004



VIA CERTIFIED MAIL -
RETURN RECEIPT REQUESTED

Town Clerk
Town of Brimfield
Brimfield Town Hall, 21 Main Street
Brimfield, MA 01010

Re:     Town of Sturbridge v. Tantasqua Regional School District, at al.;
        Worcester Superior Court C.A. No. 04-2356C

Dear Sir/Madam:

Pursuant to the provisions of Mass. R. Civ. P. 4(d) enclosed herewith please find a Summons and copy of the Complaint filed by the Town of Sturbridge in the above-captioned action. Also enclosed herewith please find a copy of the Tracking Order issued by the Worcester Superior Court on December 6, 2004.

Thank you for your attention to this matter.

Very truly yours,

Patrick J. Costello

PJC/ajg
Enclosures
cc:     Town Clerk (P.O. Box 508, Brimfield, MA 01010)

# COMMONWEALTH OF MASSACHUSETTS



Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

TOWN OF STURBRIDGE
                    PLAINTIFF(S)

No. **04-2356**

v.

THE TANTASQUA REGIONAL SCHOOL DISTRICT, TOWNS
OF BRIMFIELD, BROOKFIELD, HOLLAND AND WALES,
AND DAVID DRISCOLL, IN HIS CAPACITY AS
COMMISSIONER OF EDUCATION FOR THE MASSACHUSETTS
DEPARTMENT OF EDUCATION,

**SUMMONS**

Defendant (s)

* To the above-named Defendant: TOWN OF BRIMFIELD

You are hereby summoned and required to serve upon PATRICK J. COSTELLO OF MERRICK, LOUISON & COSTELLO, LLP ................................, plaintiff's attorney, whose address is 67 BATTERYMARCH STREET, BOSTON, MA 02110 .................. an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Barbara J. Rouse

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the 9TH ................ day of DECEMBER ....................................... in the year of our Lord two thousand and FOUR .............. .

_Frances A. Ford_

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

* NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.

# Commonwealth of Massachusetts
## County of Worcester
### The Superior Court

CIVIL DOCKET# **WOCV2004-02356-C**

RE:  **Sturbridge v Tantasqua Regional School District et al**

TO: Patrick J Costello, Esquire
Merrick Louison & Costello
67 Batterymarch Street
Boston, MA 02110-4102

## TRACKING ORDER - A TRACK

You are hereby notified that this case is on the average (A) track as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
| --- | --- |
| Service of process made and return filed with the Court | 03/03/2005 |
| Response to the complaint filed (also see MRCP 12) | 05/02/2005 |
| All motions under MRCP 12, 19, and 20 filed | 05/02/2005 |
| All motions under MRCP 15 filed | 02/26/2006 |
| All discovery requests and depositions completed | 01/22/2007 |
| All motions under MRCP 56 served and heard | 03/23/2007 |
| Final pre-trial conference held and firm trial date set | 07/21/2007 |
| Case disposed | 12/03/2007 |

The final pre-trial deadline is **not the scheduled date of the conference.** You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session C sitting **in Rm 16 (Session C), Worcester Superior Court.**

Dated: 12/06/2004

Francis A. Ford
Clerk of the Courts

BY: Alexander Rodriguez, III
Assistant Clerk

Location: Rm 16 (Session C)
Telephone: 508-770-1899, Ext. 126 or Ext. 105 (Session Clerk)

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website for status of case: http://ma-trialcourts.org/tclc
cvdtrack_3.wpd 2064053 inidoc01 mcmapacr

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-2356C | Trial Court of Massachusetts Superior Court Department County: WORCESTER |
|---|---|---|

**PLAINTIFF(S)** TOWN OF STURBRIDGE

**DEFENDANT(S)** TANTASQUA REGIONAL SCHOOL DISTRICT, COMMISSIONER OF DEPT. OF EDUCATION, ET AL.

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** PATRICK J. COSTELLO (#543761) MERRICK, LOUISON + COSTELLO, LLP.
Board of Bar Overseers number: 67 BATTERYMARCH ST.
BOSTON MA

**ATTORNEY (if known)**

**Origin code and track designation**

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D13 | DECLARATORY JUDGMENT RIGHTS UNDER G.L. + REG. AGREEMENT | (A) | ( ) Yes (X) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .................................................
2. Total Doctor expenses ............................................. $
3. Total chiropractic expenses ....................................... $
4. Total physical therapy expenses .................................. $
5. Total other expenses (describe) ................................... $

B. Documented lost wages and compensation to date ........ Subtotal $
C. Documented property damages to date ........................... $
D. Reasonably anticipated future medical and hospital expenses ..... DEC 03 2004 $
E. Reasonably anticipated lost wages ............................. $
F. Other documented items of damages (describe) ................. $

RECEIVED
DEC 03 2004
CLERK OF COURTS
WORCESTER COUNTY

G. Brief description of plaintiff's injury, including nature and extent of injury (describe) ..... $

$
TOTAL $

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
IN ADDITION TO DECLARATORY JUDGMENT, PLAINTIFF TOWN ASSERTS THE DEFENDANTS, TANTASQUA, BRIMFIELD, HOLLAND, BROOKFIELD AND WALES ARE IN BREACH OF THE TANTASQUA REGIONAL SCHOOL DISTRICT AGREEMENT, AND SEEKS DAMAGES.

TOTAL $ 634,933.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Patrick J. Costello_          DATE: 11/30/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                                    SUPERIOR COURT
                                                  CIVIL ACTION NO.

TOWN OF STURBRIDGE,
        Plaintiff

v.

THE TANTASQUA REGIONAL
SCHOOL DISTRICT, TOWNS OF
BRIMFIELD, BROOKFIELD,                            **COMPLAINT**
HOLLAND AND WALES, AND DAVID
DRISCOLL, in his capacity as
COMMISSIONER OF EDUCATION FOR
THE MASSACHUSETTS
DEPARTMENT OF EDUCATION,
        Defendants

### Parties

1.  The plaintiff, Town of Sturbridge, is a municipality with a principal place of business at 308 Main Street, Sturbridge, Worcester County, Massachusetts.

2.  The Tantasqua Regional School District is a body politic and corporate with a principal place of business at 320 Brookfield Road, Fiskdale, Worcester County, Massachusetts.

3.  The Town of Brimfield is a municipality with a principal place of business at Brimfield Town Hall, P.O. Box 30, Brimfield, Worcester County, Massachusetts.

4.  The Town of Brookfield is a municipality with a principal place of business at 6 Central Street, Brookfield, Worcester County, Massachusetts.

5.  The Town of Holland is a municipality with a principal place of business at 27 Sturbridge, Worcester County, Massachusetts.

6.      The Town of Wales is a municipality with a principal place of business at 3 Hollow Road, P.O. Box 834, Wales, Worcester County, Massachusetts.

7.      David Driscoll is the Commissioner of the Massachusetts Department of Education, having a usual place of business at 350 Main Street, Malden, Middlesex County, Massachusetts.

## Facts

8.      Sturbridge became a member of the Tantasqua Regional School District ("Tantasqua") upon establishment of the School District in 1952.

9.      The Towns of Brimfield, Brookfield, Holland and Wales were the other original member Towns of the Tantasqua Regional School District, and continue as "Member Towns" to the present date.

10.     The Regional Agreement adopted by each of the Member Towns, pursuant to M.G.L. sec.71, sec. 14B and 16 through 16I, apportions annual costs of the capital and operating budget among the member towns according to a formula contained in said Agreement. The Regional Agreement is appended hereto as Attachment A.

11.     Under the terms of the Regional Agreement, operational costs are apportioned on the basis of each Town's respective pupil enrollment in the Tantasqua Regional School District as of the October 1st prior to the start of each fiscal year.

12.     Construction costs of the Tantasqua Regional School District are likewise apportioned among the Member Towns on the basis of their respective enrollment in the District on October 1 of the preceding year.

13.     In 1993, the Massachusetts General Court adopted the Education Reform Act of 1993, which was codified as Massachusetts General Laws, Chapter 70. Among the provisions of G.L. Chapter 70 was G.L. c.70, §6, which established the requirements for contributions by municipalities in support of local schools and school districts. Section 6 reads, in pertinent part, as follows:

> "In addition to amounts appropriated for long-term debt service, school lunches, adult education, student transportation, and tuition revenue, each municipality in the Commonwealth shall annually appropriate for the support of public schools in the municipality and in any regional school district to which the the municipality belongs an amount equal to not less than the sum of the minimum required local contribution, federal impact aid, and all state school aid and grants for education but not including equity aid, for the fiscal year."

2

The Commissioner of the Department of Education ("DOE") is required to estimate and report such amounts to each municipality and regional school district no later than March 1st of each year.

14.  General Laws c.70, §6 further provides that each municipality which is a member of a regional school district must increase its contribution to the regional district each fiscal year by the amount indicated in the member municipality's minimum regional contribution, as determined by the DOE. A regional school district is required to annually appropriate the sum of the minimum regional contributions of its member municipalities, as well as all state school aid received on behalf of said member municipalities. If the district elects to spend additional amounts in any fiscal year, such additional amounts are to be charged to the member municipalities in accordance with the district's regional agreement.

15.  The provisions of G.L. c.71, §16B, govern the annual budget process and allocation of expenses by regional school districts in the Commonwealth of Massachusetts. Said statute provides, in relevant part,

> "The Regional District School Committee, by a two-thirds vote of all of its member, shall annually determine the amounts necessary to be raised, after deducting the amount of aid such district is to receive pursuant to Section 16D, to maintain and operate the district school or schools during the next fiscal year, and amounts required for the payment of debt and interest incurred by the district which will be due in said year, <u>and shall apportion the amount so determined among the several municipalities in accordance with the terms of the Regional School District Agreement</u>". [Emphasis added.]

16.  The total sum assessed to Member Towns by Tantasqua for the Fiscal Year 2005 operating budget is $7,405,204. See Notice of Regional Assessment for Fiscal Year 2005, appended hereto as Attachment B.

17.  From 1952 through fiscal year 2004, Tantasqua, in accordance with G.L. c.71, §16B, utilized the assessment apportionment formula set forth in the Regional Agreement as the basis for determining each Member Town's contribution to the annual budget of the Regional School District. In each such year, DOE approved the Tantasqua budget, as submitted.

18.  As of October 1, 2003, the date for calculating the Fiscal Year 2005 assessments, the total enrollment of pupils at Tantasqua was 1685. That total enrollment figure is broken down, by Member Town, as follows:  Sturbridge: 694, Brimfield: 313, Brookfield: 286, Holland: 250, and Wales: 142.

3

19.     Under the terms of the Regional Agreement, the Tantasqua Fiscal Year 2005
        budget assessments would be allocated among the Member Towns as follows:

|            | Enrollment | (%)    | Assessment  |
|------------|------------|--------|-------------|
| Sturbridge | 694        | 41.19% | $3,050,204  |
| Brimfield  | 313        | 18.58% | $1,375,887  |
| Brookfield | 286        | 16.97% | $1,256,663  |
| Holland    | 250        | 14.84% | $1,098,932  |
| Wales      | 142        | 8.43%  | $ 624,259   |

20.     Based on the Regional Agreement, apportionment formula, Sturbridge's
        assessment for the Tantasqua Fiscal Year 2005 budget would be $3,050,204.

21.     During budget deliberations in the spring and summer of 2004, the Tantasqua
        Regional School Committee abandoned its customary use of the Regional
        Agreement formula for apportionment of assessments among the member
        Towns. While preparing its Fiscal Year 2005 budget, Tantasqua, for the first
        time, utilized an apportionment formula it claims was "required" by the DOE
        in accordance with the Education Reform Act of 1993, specifically, G.L. c.70,
        §6.

22.     Tantasqua assessed Sturbridge the sum of $3,685,137, for Sturbridge's share
        of Tantasqua's operating costs, maturing debt and transportation costs,
        purportedly under the formula for funding education recommended and
        approved by the DOE pursuant to M.G.L. c.70. (See Attachment B).

23.     The $3,685,137 assessment imposed upon Sturbridge by Tantasqua for the
        Fiscal Year 2005 budget represents 49.8% of the total local assessments to the
        Tantasqua Member Towns. Sturbridge students comprise 41.19% of the total
        Tantasqua pupil enrollment.

24.     The Fiscal Year 2005 Tantasqua budget assessment imposes a financial
        obligation upon Sturbridge which is $634,933 greater than the assessment
        which should be assessed to Sturbridge under the Regional Agreement
        formula.

25.     The FY 2005 assessment allocation certified by Tantasqua represents a 22.6 %
        increase in Sturbridge's share of Tantasqua's budget without regard to
        Sturbridge's student population or its ability to pay. This disparate increase
        followed prior years' assessment increases pursuant to which Sturbridge's
        mandated assessment increased from $2,997,159 in FY 2003 to $3,004,668 in
        FY 2004 under the Regional Agreement formula.

4

26. The increase in Tantasqua's total operating budget from Fiscal Year 2004 to Fiscal Year 2005 was $539,659. The increase in Sturbridge's assessment over this period was $680,469, or, 126% of the total increase in the Tantasqua operating budget.

27. Sturbridge is estimated to increase its tax levy under the levy limits of Proposition 2 ½ in FY 2005 by only $306,637. The increase in the amount raised under the levy limit was augmented by $802,641 in "new growth revenue".

28. Of the approximately $1,109,278 anticipated to be available to Sturbridge in Fiscal Year 2005 under its levy limit, the Tantasqua assessment leaves the Town of Sturbridge with approximately $428,809 to fund all other Town costs, including assessments for the Town's elementary school system, which increased by $92,322 over the 2004 assessment.

29. The budget assessment imposed by Tantasqua, upon the recommendation and approval of the DOE, has resulted in Sturbridge paying $1,582 (42%) more per pupil than the average per pupil payment to be made by the other four Tantasqua Member Towns. The disparity in local assessments for Fiscal Year 2005 is based upon the inconsistent and irrational assessment scheme utilized by Tantasqua.

30. The arbitrary actions of Tantasqua, as recommended and approved by the Department of Education, with respect to the Fiscal Year 2005 budget assessment has significantly undermined Sturbridge's fiscal position and jeopardized Sturbridge's ability to provide basic and essential public services to its residents.

## COUNT I
### (Breach of Contract)
### Towns of Brimfield, Brookfield, Holland and Wales

31. The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 31 as if set forth in full herein.

32. The five Member Towns of the Tantasqua Regional School District are all parties to the Tantasqua Regional School District Agreement, and each is bound by the terms and conditions of said Regional Agreement.

33. Therefore, each Member Town has a contractual duty to the other member towns to abide by the terms of the Regional Agreement.

34. The defendants, Brimfield, Brooksfield, Holland and Wales, voting individually and collectively to approve the assessment of operating costs to the Town of Sturbridge which were dramatically disproportionate to

5

Sturbridge's pupil enrollment rather than the formula mandated in accordance with the Regional Agreement, violated their contractual duty to the Town of Sturbridge as a party to the Agreement.

35.    Sturbridge has suffered substantial harm as a result of this breach of contractual duty.

## COUNT II
### (Breach of Implied Duty of Good Faith and Fair Dealing)
### Towns of Brimfield, Brookfield, Holland and Wales and
### Tantasqua Regional School District

36.    The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 31 as if set forth in full herein.

37.    The five Member Towns are all parties to the Tantasqua School District Agreement.

38.    Therefore, each Member Town has a duty of good faith and fair dealing with respect to the other Member Towns that are parties to the Agreement.

39.    The defendants, Brimfield, Brookfield, Holland and Wales, voting individually and collectively to approve an assessment of operating costs upon the Town of Sturbridge that was dramatically disproportionate to Sturbridge's proportionate pupil enrollment rather than in accordance with the formula mandated by the Regional Agreement, violated their duty of good faith and fair dealing with respect to the Town of Sturbridge.

40.    This breach of the duty of good faith and fair dealing has resulted in substantial financial harm to the Town of Sturbridge, its citizens and its student population.

41.    The Tantasqua Regional School District has an implied duty and obligation to treat each of the Member Towns, and the students from each of the respective Member Towns, in a fair and equitable manner.

42.    By voting to approve budget assessments for fiscal year 2005 which impose an inequitable and disproportionate financial burden upon the Town of Sturbridge, the Tantasqua Regional School District has breached its implied duty of good faith and fair dealing with respect to the Town of Sturbridge, its citizens and students enrolled in the Regional School District.

43.    As a direct result of the breach of implied duty of good faith and fair dealing by the Member Towns and Tantasqua, Sturbridge has suffered substantial harm.

6

## COUNT III
### Declaratory Judgment
(The provisions of G.L. c.71, §16B and the Tantasqua Regional School District
Agreement govern the Regional School District
Budget Assessment Process)

44.     The Plaintiff repeats and realleges the allegations set forth in paragraphs 1
        through 31, as if each were fully set forth herein.

45.     The provisions of G.L. c.70, §6 require that Tantasqua appropriate the sum of
        the minimum regional contributions of its Member Towns as well as all state
        school aid received on behalf of said Member Towns. Tantasqua may elect, as
        it has for FY 2005, to spend additional amounts.

46.     The provisions of G.L. c.71, §16B require that Tantasqua, by a two-thirds vote
        of its Regional District School Committee, shall annually determine the sums
        of money necessary to be raised, and shall apportion the amount so
        determined among the Member Towns in accordance with the terms of the
        Regional School District Agreement.

47.     The annual Regional School District Budget, upon adoption by the Regional
        School District Committee, must, thereafter, be approved by the appropriating
        authorities of the Member Towns.

48.     Based upon the clear and unambiguous language of G.L. c.71, §16B, the
        Tantasqua Annual Budget is to be determined and allocated among the
        Member Towns in accordance with the terms and conditions of the Regional
        Agreement.

49.     Tantasqua, from 1952 through Fiscal Year 2004, utilized the assessment
        formula under the Regional Agreement to allocate annual budget assessments
        to the Member Towns.

50.     The requisite majority of the Town Meetings of the Member Towns and the
        DOE have, annually, from 1952 through 2004, approved the annual Regional
        School District assessment certified by Tantasqua pursuant to the terms of the
        Regional Agreement.

51.     The provisions of G.L. c.70, §6 govern the minimum required local
        contributions by member Towns to Regional School Districts. Provided that
        the minimum required local contribution, as determined by DOE, is satisfied
        within the annual Regional School District Budget proposed pursuant to G.L.
        c.71, §16B, the provisions of Chapter 71, §16B and the Regional Agreement
        establish the basis upon which the annual budget is certified and allocated

7

among Member Towns.

52.     Given the significant and disproportionate increase in the financial burden
        imposed upon the Town of Sturbridge by the Fiscal Year 2005 annual budget
        assessment process utilized by Tantasqua, upon the recommendation of the
        DOE, the Plaintiff is entitled to a declaratory judgment declaring that the
        provisions of G.L. c.71, §16B and the Regional Agreement govern the
        assessment and allocation of annual operating budget among the member
        Towns of the Tantasqua Regional School District.

## COUNT IV
### Declaratory Judgment
(The provisions of Chapter 70, Section 6 violate equal protection)

53.     The plaintiff repeats and realleges the allegations contained in paragraphs 1
        through 31 as if set for in full herein.

54.     The facts alleged in paragraphs 1 through 31, above, have given rise to an
        actual controversy as to the rights, duties, status and legal relations of the
        parties. Therefore, this matter is properly before this Honorable Court
        pursuant to Mass. Gen. L. Chapter 231A, Section 1.

55.     All parties with an interest in the outcome of this matter are joined hereto.

56.     The plaintiff is entitled to a declaratory judgment declaring that the
        application of Chapter 70, Sec. 6 by Tantasqua has the effect of depriving
        students residing in Sturbridge access to public education on the same terms
        and conditions as are available to similarly situated individuals. The
        Department of Education's approval of Tantasqua's imposition of minimum
        mandatory contributions upon Sturbridge which result in per-pupil
        contributions vastly exceeding the per-pupil contributions of the other
        member Towns, violates Part II, Clause 5, Section of the Massachusetts
        Constitution and the equal protection clause of the United States Constitution.

57.     This violation of the right of the Town, its citizens and students to equal
        protection under the laws has resulted in serious harm to said Town of
        Sturbridge, its citizens and its student population.

## COUNT V
### Declaratory Judgment
(The provisions of Chapter 70, Section 6 Violate Due Process)

58.     The plaintiff repeats and realleges the allegations contained in paragraphs 1
        through 31 as if set forth in full herein.

8

59. The facts alleged in paragraphs 1 through 31 above have given rise to an actual controversy as to the rights, duties, status and legal relations of the parties. Therefore, this matter is properly before this Honorable Court pursuant to Mass. Gen. L. Chapter 231A, Section 1.

60. The plaintiff is entitled to a declaratory judgment declaring that the provisions of Chapter 70, Sec. 6, by which the DOE has arbitrarily recommended the imposition of unfairly disproportionate minimum mandatory contributions upon the Town of Sturbridge, without affording Sturbridge notice and an opportunity to be heard, violates Article 10 of the Massachusetts Declaration of Rights and the Fourteenth Amendment to the United States Constitution.

## COUNT VI
### Declaratory Judgment
(The minimum local contribution mandate under Chapter 70,
Section 6 constitutes an unfounded local mandate in violation of
Chapter 29, Section 27C.)

61. The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 31 as if set forth in full herein.

62. The facts alleged in paragraphs 1 through 31 above have given rise to an actual controversy as to the rights, duties, status and legal relations of the parties. Therefore, this matter is properly before this Honorable Court pursuant to Mass. Gen. L. Chapter 231A, Section 1.

63. The plaintiff is entitled to a declaratory judgment declaring that the interpretation and implementation of the provisions of Chapter 70, §6, by the Defendants which imposed a disproportionate annual assessment for FY 2005 on the Town of Sturbridge, constitutes an unfunded local mandate in violation of the provisions of Mass. Gen. L. Chapter 291, Section 27C.

## COUNT VII
### Declaratory Judgment
(The Department of Education has failed to fulfill its legal
duty under G.L. c.69, §1B to see to it that all local School Committees comply
with all laws relating to operation of public schools.)

64. The plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 31 above as if each were fully set forth herein.

65. The provisions of G.L. c.69, §1B, paragraph 8, provide that:

"The Board (of Education) shall see to it that School
Committees comply with all laws related to the operation
of public schools and in the event of noncompliance, the

9

Commissioner of Education shall refer all such cases to
the Attorney General for appropriate action to obtain
compliance."

66.    As noted hereinabove, from 1994, subsequent to the adoption of the Education
       Reform Act, through Fiscal Year 2004, Tantasqua has utilized the formula set
       forth in the Regional Agreement as the basis for the determination of its
       annual operating budget and the allocation of local budget assessments among
       the Member Towns.

67.    Upon information and belief, there are numerous school districts throughout
       the Commonwealth who have, pursuant to the provisions of G.L. c.71, §16B,
       determined their annual budgets and the allocation of budget payments among
       member municipalities in accordance with the terms of their respective
       Regional Agreements. Upon information and belief, numerous regional
       school districts have utilized their regional agreements for the purposes of
       determining their FY 2005 operating budgets.

68.    The DOE has adopted the policy position that, subsequent to the Education
       Reform Act of 1993, all regional school districts must allocate their annual
       required minimum local contribution payments among member municipalities
       in accordance with the recommended formula approved and issued by the
       DOE. The DOE has notified the Town of Holland of its position in this regard
       by letter from the Commissioner of Education dated March 9, 2004. A copy
       of said letter is appended hereto as Attachment C.

69.    By approving budget assessments for regional school districts which were
       allocated in accordance with regional school district agreements rather than
       the DOE recommended formula, the DOE has failed to abide by its
       obligations pursuant to G.L. c.69, §1B, paragraph 8, to assure that all school
       committees comply with laws relating to the operation of public schools.

70.    By failing to consistently and uniformly interpret and enforce the provisions
       of G.L. c.70, §6 and c. 71, §16B, relative to regional school district budgets,
       the DOE has acted inconsistently, arbitrarily and capriciously with respect to
       its enforcement obligations under G.L. c.69, §1B.

71.    The dramatic and arbitrary change in methodology for calculating the
       Tantasqua annual budget for FY 2005, upon the recommendation and
       approval of the DOE, has given rise to an actual controversy as to the rights,
       duties and obligations of the parties to this action.

72.    The Plaintiff is entitled to declaratory judgment declaring that the Department
       of Education has failed to consistently, rationally and uniformly perform its
       duties and obligations under G.L. c.69, §1B to the detriment of Sturbridge,
       and, thus, that Tantasqua is not bound by the March 9, 2004 opinion letter of

10

the DOE relative to the Tantasqua FY 2005 budget allocation process or the
DOE's subsequent actions in furtherance thereof.

## PRAYERS FOR RELIEF

WHEREFORE, the Town of Sturbridge prays that this Court:

1.  Adjudge and declare pursuant to Mass. Gen. L. Chapter 231A, Sections 1 and
    2, that Chapter 70, Section 6 violates Part II, c. 5, sec. 2 of the Massachusetts
    Constitution and the equal protection clause of the U.S. Constitution.

2.  Adjudge and declare pursuant to Mass. Gen. L. Chapter 231A, Sections 1 and
    2, that Chapter 70, Section 6 violates the due process clause of the U.S.
    Constitution and the Massachusetts Declaration of Rights.

3.  Adjudge and declare pursuant to Mass. Gen. L. Chapter 231A, Sections 1 and
    2, that the provisions of G.L. c.71, §16B and the terms of the Tantasqua
    Regional School District Agreement govern the annual budget determination
    process and the allocation of annual budget payments by Member Towns.

4.  Adjudge and declare pursuant to the Mass. Gen. L. Chapter 231A, Sections 1
    and 2 that Chapter 70, Section 6 constitutes an unfunded mandate in violation
    of Chapter 29, Section 27C.

5.  Adjudge and declare pursuant to G.L. c.231A, Sections 1 and 2
    that the Department of Education, by its inconsistent, arbitrary and capricious
    interpretation of the statutory provisions relative to regional school district
    budgetary proceedings, has violated its obligations under the provisions of
    G.L. c.69, §1B and, thus, that the parties hereto are not bound by the March 9,
    2004 letter from the Commissioner of DOE relative to the FY 2005 Tantasqua
    budget assessments.

6.  Enter judgment under Count I that the defendant, Member Towns, have
    breached the contractual duty owed to Sturbridge as a party to the Tantasqua
    Agreement, and award damages on account of said breach.

7.  Enter judgment under Count II that the defendant, Member Towns, and the
    Tantasqua Regional School District have breached their duty of good faith and
    fair dealing with respect to the Tantasqua Regional Agreement, and award
    damages on account of said breach.

8.  Award the Town of Sturbridge its costs, expenses and attorneys' fees incurred
    in bringing these claims.

11

9.      Order such other relief as the Court deems just and proper.

**The Town of Sturbridge,**
By its Attorneys,

Patrick J. Costello, Esq.
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305
BBO# 543761

Dated: November 30, 2004

12

# ATTACHMENT A





AGREEMENT FOR REGIONAL SCHOOL DISTRICT

FOR THE FIVE TOWNS OF

BRIMFIELD, BROOKFIELD, HOLLAND, STURBRIDGE AND WALES

## PREAMBLE

This Agreement is made as of January 15, 1952 although accepted by the several Towns herein named and approved by the Emergency Finance Board of the Commonwealth of Massachusetts and the Department of Education on other dates respectively.

The Towns of said Commonwealth which are parties to this Agreement, in alphabetical order, are:  the Town of Brimfield, the Town of Brookfield, the Town of Holland, the Town of Sturbridge and the Town of Wales, hereinafter referred to as the "Participating Towns".

All of the Participating Towns having created a Regional School District Planning Board and said Board having considered the advisability of establishing a Regional School District under Chapter 71, Sections 14 through 16 D, inclusive of the General Laws as amended, this Agreement respecting a Regional School District is submitted for consideration and acceptance to the Towns of Brimfield, Brookfield, Holland, Sturbridge and Wales.

## 1.  REGIONAL DISTRICT SCHOOL COMMITTEE

### a.  Number and Composition

The initial Regional District School Committee shall consist of eight members, 2 from Brimfield, 2 from Brookfield, 1 from Holland, 2 from Sturbridge, and 1 from Wales.

Each Participating Town shall thereafter be entitled to be represented by one member on the Regional District School Committee, and by an additional member for each 100 pupils, or fraction thereof, in excess of 100 pupils in its enrollment at the Regional District School as of October 1 next preceding the annual selection of Regional District School Committee members.

-2-

b.  Method of Selection

1.  Appointed Members

One of the Regional District School Committee members from
each Participating Town shall be appointed annually by the
local school committee from its own membership not later than
10 days after the annual town election of the Participating
Town which votes last.

2.  Elected Members

Additional Regional District School Committee members from each
Participating Town entitled to more than one member, shall be
elected for a term of three years at an annual town election.

3.  Starting Committee

The initial Regional District School Committee shall be appointed
as follows; not later than 10 days after the Regional School
District is formed, the local school committee of the Participating
Towns shall select their members, and the Selectmen of the
Participating Towns, entitled to additional membership, shall
select such member to serve until their successors are selected
and qualified under the provisions set forth in 1 (b) (1) and
1 (b) (2) above.

c.  Terms of Office

1.  Appointed Members

Members appointed from a local School Committee shall serve on
the Regional District School Committee until replaced by their
respective School Committee or until their term on the School
Committee of the Participating Town expires. However, upon
reelection to the School Committee of a Participating Town, such
members are eligible to reappointment to the Regional District
School Committee.

2.  Elected Members

Elected members shall be elected to serve a term of three years,
or to such part thereof as a Participating Town shall be entitled.
In the event that a Participating Town shall be required, because
of a decrease in pupil enrollment, to reduce its representation,
the term of the last elected member from that Town will expire
on November 1st following the October 1st pupil census which
indicated the need of said reduction.  Elected members are eligible
for reelection.

-3-

d.   Vacancies - How filled

Vacancies occurring in the Regional District School Committee
shall be filled as follows:  in the case of members appointed by the
School Committee of a Participating Town, by such School Committee; in
the case of those elected at an annual town election, by the
Selectmen to serve until the next annual town election.

II.   LOCATION

The Regional District School which shall be a six-year High
School, shall be located in Sturbridge as near as feasible to the
geographic and population centers of the District.

III.   APPORTIONMENT OF COST

a.   Construction Costs

Construction costs shall include cost of site, cost of building
construction and equipment, cost of plans, architect's fees, cost of
consultants' fees, grading, and any other costs which may be incurred
to put the building and premises in operating condition, and also
interest on indebtedness incurred to meet these outlays.  Construction
costs shall be apportioned to the Participating Towns on the basis
of equalized valuation of said Towns, as set forth in Chapter 559
Acts of 1945, "An Act Establishing the Basis of Apportionment of
State and County Taxes" or such later equalized valuation as may be
enacted by the General Court of the Commonwealth next preceding each
bond issue.

b.   Operating Expenses

Operating expenses shall include all costs not included in
construction costs as defined in III a, but including interest on
temporary notes issued by the District in anticipation of revenue.
Operating expenses for the first calendar year or fractional year
the Regional District School is in operation, and for any calendar
year thereafter shall be apportioned to the Participating Towns on the
basis of their respective enrollment in the Regional District School
on October 1 of the preceding year, or, in the event that enrollment in
the Regional District School has not been accomplished by said date,
on the pupil enrollment in grades 7 through 12 in each Participating
Town as of October 1 of the preceding year.  Any expenses incurred
prior to the formal adoption of a budget as provided for in
Section VI a of this Agreement shall be apportioned to Participating
Towns on the basis of their pupils enrolled in grades 7 through 12 on
October 1 next preceding.

-5-

c. Time and Manner of Payment of Operating and Construction Costs

Payments shall be made by the Towns to the Regional District
School Committee in three equal installments upon certification by the
Regional School District Treasurer, and on the following dates:
April 10th, July 10th and October 10th.

d. Tuition Pupils

Pupils residing outside the Regional School District may attend
the Regional School at the discretion of, and on a tuition basis
determined by the Regional District School Committee in accordance
with law. However, if a non-participating town wishes to send to
the Regional District School a majority of its pupils enrolled in
grades 7 through 12, it must do so as a participating member of the
Regional School District as provided in Section V a of this Agreement.

IV. TRANSPORTATION

Each Participating Town, acting through its local School Committee,
shall furnish transportation to and from the Regional District School
once each day in which a regular session thereof is scheduled, to each
student thereof who resides in such town and who would be furnished
such transportation if it were a town school. Other transportation,
as deemed desirable by the Regional District School Committee, shall
be furnished by the Regional School District, and the cost thereof
shall constitute part of its operating expense.

V. TERMS OF ADMITTANCE OR WITHDRAWAL.

a. Admittance

Any other town may join the District at any time. The terms of its
admission shall be negotiated between the Regional District School
Committee and the petitioning Town and shall take the form of an
amendment to this Agreement. Such amendment must be approved by a
two-thirds vote of the Committee and by each of the Participating
Towns by majority vote in annual or special town meeting.

The petitioning Town must accept this agreement as amended by a
majority vote at an annual or special Town meeting, and if construction
has not started, or has started but not been completed, it shall be
required to pay:

1. If prior to the awarding of the contract for a five-town
school – the new town's proportionate share of the new
building cost on an equalized valuation basis as provided
in Section III a, plus the added cost for revised plans, etc,
if any, or

-5-

V.  TERMS OF ADMITTANCE OR WITHDRAWAL

   2.  If after the awarding of the contract or commencement of
       construction, the larger of

       (a)  the total cost of additional construction required, or

       (b)  the new town's proportionate share of the total
            construction cost on the equalized valuation basis as
            provided in Section III a, plus added costs, if any,
            resulting from the revisions.

   3.  If any or all payments for construction costs have been
       made prior to the admission of a petitioning Town, financial
       adjustment shall be made in such a manner as will be fair
       and acceptable to the Participating Towns which have made
       such payments.

   b.  Withdrawals

   1.  Any Member Town may petition to withdraw from the District
       under terms stipulated in a proposed amendment to the
       Agreement provided (1) that such withdrawal is approved by
       the State Department of Education and the Emergency Finance
       Board, and (2) that the town seeking to withdraw has paid
       over to the District any operating costs for which it
       became liable as a member of the District, and (3) that
       said Town shall remain liable to the District for its share
       of the indebtedness of the District outstanding at the time
       of such withdrawal, and for interest thereon, to the same
       extent and in the same manner as though the town had not
       withdrawn from the District, except that such liability shall
       be reduced by any amount which such Town has paid over at the
       time of withdrawal and which has been applied to the payment
       of such indebtedness or interest.

   2.  Said petitioning town shall cease to be a Member Town if
       the proposed amendment is approved by the Committee and
       accepted by the petitioning town and each of the other
       Member Towns, approval by the Committee to require a two-thirds
       vote, and acceptance by the petitioning town and by the
       other Member Towns to be by majority vote at an annual or
       special town meeting.

   3.  Money received by the District from the withdrawing town for
       payment of funded indebtedness or interest thereon shall be
       used for this purpose only.

-6-

## VI.   ANNUAL BUDGETS AND REPORTS

### a.   Budgets

The Regional District School Committee shall determine the
amounts necessary to be raised to maintain and operate the District
School during the ensuing calendar year, and the amount required for
payment of debt and interest incurred by the District which will be
due in said year, and shall prepare a formal budget accordingly and
submit copies to the Selectmen and the Finance Committee of the
Participating Towns, on or before November 1.  The Regional District
School Committee shall adopt an annual maintenance and operating
budget on or before December 1 for the ensuing year.  Said Committee
shall apportion the same in accordance with the provisions of
Section III of this Agreement.  The amount so apportioned for each
town shall, prior to December 31 of each year, be certified by the
Regional District Treasurer to the Treasurer of the Participating
Towns, and each Town at the next annual town meeting shall appropriate
the amount so certified.  The provisions of this Section shall be
enforced as provided in Chapter 71 of the General laws, Section 16B
appended.

### b.   Reports

The Regional District School Committee shall annually submit a
report to each of the Participating Towns as provided in Section 16 (k)
of Chapter 71 of the General laws.

## VII.   ORGANIZATION OF THE COMMITTEE

The District Committee may equip and maintain an office at such place
as is determined by the Committee.  Within 30 days after its members are
selected and qualified the District School Committee shall organize
by choosing by ballot from its membership a Chairman, and by appointing
a Secretary and Treasurer; determine their term of office and define
their duties; and the said Committee shall appoint such other officers
and agents as seem advisable.  The Treasurer shall be subject to the
provisions of Chapter 71 of the General laws.  Provisions shall be
made for meetings including an annual meeting at which officers of the
Committee shall be elected.

## VIII.   AMENDMENTS

This Agreement may be amended at any time, and from time to
time, in the manner hereinafter provided, but no such amendment shall
be made which shall substantially impair the rights of the holders of
any bonds or notes or other indebtedness of the District then
outstanding, or the rights of the District to procure the means for
payment thereof.

-7-

VIII. An amendment may be proposed by vote of the Regional District School Committee or by vote of any town meeting of any Participating Town. In the latter case the Town Clerk shall forthwith deliver a copy of such vote to the Secretary of the Regional District School Committee. In either case the Secretary shall forthwith deliver a copy of the vote proposing the amendment to the Town Clerk of each Participating Town, and each such Town shall vote at its next town meeting, whether annual or special, upon the acceptance of such amendment. Such amendment shall take effect upon its acceptance by each of the Participating Towns in the manner hereinabove provided.

## AMENDMENTS TO THE REGIONAL AGREEMENT

**Motion #3601:** "On a motion by Mr. Cook, seconded by Mr. Docwra, it was voted that an amendment to the Regional School District Agreement be proposed to the member towns as follows: "Construction costs incurred after April 1, 1973, shall be apportioned to the Participating Towns on the basis of their respective enrollment in the Regional District School on October 1 of the preceding year, or, in the event that enrollment in the Regional District School has not been accomplished by said date, on the pupil enrollment in grades 7 through 12 in each Participating Town as of October 1 of the preceding year."

**Motion #3602:** "On a motion by Mr. Swiacki, seconded by Mr. Docwra, it was voted to amend the Tantasqua Regional District Agreement to change the manner in which the payments are made, in accordance with Chapter 510, Acts of 1970, to change Section III - Sub-section III, on the time and manner in which payment shall be made by the towns to six (6) equal payments on the 15th of January, March, May, July, September and November." Mr. Utess stated that this adjustment could be made over the 18 month budget changeover period. All towns will be notified. Unanimous.

All in favor of accepting the minutes as amended.

**Motion #4063:** Voted to amend Section 1, Sub-section (a), paragraph 2, to read as follows: "Each participating Town shall thereafter be entitled to be represented by One Member for each 200 pupils in its enrollment at the Regional District Schools as of October 1 next preceding the annual selection of Regional District School Committee members. No town shall have fewer members on the Committee than they had on October 1, 1974".

**Motion #4040:** Voted to amend Section II, Location to read: "The Regional District shall consist of two schools; one a Junior High School and one a Senior High School; they shall be located in Sturbridge as near as feasible to the geographic and population centers of the District".

**Motion #90-133:** (November 20, 1990)  On a motion by Mr. Clayton, seconded by Mrs. Charpentier, it was voted to adopt the amendment to Article IV, TRANSPORTATION, of the Regional Agreement as follows: "For fiscal years commencing on and after July 1, 1991, school transportation to and from the regional school district and the cost thereof shall constitute part of its operating costs. The Regional District School Committee will contract with any one or more or with a group of its Participating Towns for the furnishing of all or part of the transportation requirements of the District for pupils residing in such Participating Town.

VOTE:  All in favor    TOWN VOTE:  Brimfield     5/21/91
                                    Brookfield    2/05/91
                                    Holland       5/28/91
                                    Sturbridge    4/29/81

# ATTACHMENT B





# Tantasqua Regional/School Union 61
### 320 Brookfield Rd., Fiskdale, MA 01518
### (508)347-3077
### FAX (508)347-2697

## Charles E. Patterson
## Treasurer

July 27, 2004

Mrs. Barbara Barry
Treasurer
Town of Sturbridge
308 Main St.
Sturbridge, MA 01566

Dear Barbara

The Regional School Committee met on July 19, 2004 to review its budget for school year 2004-2005. In accordance with the review procedures outlined in Chapter 71, Section 16B, the voted adjustments to the regional assessment for fiscal year 2005 as follows:

Total Assessments to Towns for 2004-2005:

| | |
|---|---|
| Operating | $ 7,405,204.00 |
| Maturing Debt | $ 2,580,315.00 |
| Transportation | $ 291,146.00 |
| Total Net Assessment | $10,276,665.00 |

| | |
|---|---|
| Town of Sturbridge share of the operating cost | $ 3,685,137.00 |
| Town of Sturbridge share of the maturing debt | $ 1,062,832.00 |
| Town of Sturbridge share of transportation cost | $ 104,332.00 |
| Total Assessment to Town of Sturbridge | $ 4,852,301.00 |

As outlined in the Regional School Agreement, payments are due from the Town of Sturbridge on or before:

| | | | | |
|---|---|---|---|---|
| √July 30, 2004 | $ 808,717.00 | | January 15, 2005 | $ 808,717.00 |
| √September 15, 2004 | $ 808,717.00 | | March 15, 2005 | $ 808,717.00 |
| ⌐November 15, 2004 | $ 808,717.00 | | May 15, 2005 | $ 808,716.00 |

Please make checks payable to: Tantasqua Regional School District.

Sincerely,

*Charles E. Patterson*

Charles Patterson
Treasurer

Arnold Wilson, Chairman Board of Selectmen
Jean Joel, Town Accountant
Kevin Smith, Chairman/Finance Committee

# ATTACHMENT C



# The Commonwealth of Massachusetts
# Department of Education

350 Main Street, Malden, Massachusetts 02148-5023 · Tele[p...]



**RECEIVED**

MAR 1 2 2004

[redacted]
[redacted]

March 9, 2004

Earl Johnson, Chairman
Board of Selectmen
27 Sturbridge Road
Holland, MA 01521

Dear Mr. Johnson:

This is in response to your letter seeking the Department of Education's interpretation of G.L. c. 70, § 6 with respect to the apportionment of costs by a regional school district. Specifically you have asked whether G.L. c. 70, § 6 takes precedence over the method of apportioning costs as set forth in the regional school district agreement.

Attorney Debra Comfort of our legal staff and Associate Commissioner Jeff Wulfson have reviewed the documents you enclosed, including the Oct. 27, 2003 opinion letter from the school district's legal counsel. They also reviewed the applicable statutes and case law, the Nov. 26, 2003 letter from the Acting Deputy Commissioner of Revenue to the Superintendent, and the Nov. 28, 2003 opinion letter from counsel for the Town of Holland. After reviewing and discussing the issues presented, we conclude that the statute (G.L. c. 70, § 6) takes precedence over the formula in the regional agreement for apportioning the minimum regional contributions of the district's members. The formula in the regional agreement defines the method of allocating assessments to the members *over and above* the minimum requirements. State law does provide a mechanism for the members of the regional school district to override G.L. c. 70, § 6 and apportion all of the costs solely according to the terms of the regional agreement. That option, however, requires all the member towns to agree, in accordance with G.L. c. 71, § 16B.

With the enactment of the Education Reform Law (chapter 71 of the acts of 1993) the legislature created a new system of school finance codified in chapter 70 of the General Laws. In particular, G.L. c. 70, § 6 requires the Commissioner to establish a minimum required contribution for each town toward the operation of its public schools. With respect to the apportionment of regional school district costs, section 6 provides in pertinent part as follows:

> Notwithstanding the provisions of any regional school district agreement, each member municipality shall increase its contribution to the regional district each fiscal year by the amount indicated in that district's share of the municipality's minimum regional contribution in that fiscal year. The district shall appropriate the sum of the minimum regional contributions of its member districts as well as all state school aid received on behalf of member municipalities. The district may choose to spend additional amounts; such decisions shall be made and such amounts charged to members according to the district's required agreement.

The Department interprets this provision to mean that for regional school districts the minimum required contributions supercede the assessments as calculated under a regional school district agreement, and that the regional agreement is to be used only to allocate assessments in excess of the minimum requirements. This interpretation is supported by the Worcester Superior Court's decision in Town of Holden v. Wachusett Regional School District Committee, C.A. No. 02-1821B (May 2003). In this case the court stated "that by using the words, 'notwithstanding the provisions of any regional school district agreement,' the Legislature intended for the statute to supercede any formulas in regional agreements for apportioning the minimum regional contributions of its members." The court further stated that "only the additional spending portion of a regional budget may be apportioned by the towns in the manner provided for in the regional agreement."

Thus, in accordance with G.L. c. 70, § 6, the minimum required contributions supercede the assessments as calculated under a regional school district agreement and the regional agreement is to be used only to allocate assessments in excess of the minimum requirements.

A different interpretation of section 6 has been suggested by the school district's attorney, under which the regional formula can be used for the entire assessment as long as the amount for each town meets or exceeds the town's minimum required contribution. Such an interpretation is difficult to reconcile with the precise language of section 6, which states that "additional amounts" (beyond the required contributions) are subject to the regional formula. In addition, such an interpretation could give rise to a rather bizarre mathematical consequence, as demonstrated in the following chart:

|  | Town A | Town B | Town C | Total |
|---|---|---|---|---|
| Required contribution | 4,000,000 | 3,000,000 | 3,000,000 | 10,000,000 |
| Enrollment percentage | 30% | 40% | 30% | 100% |
| Assume regional budget = | | | | 13,332,000 |
| Regional formula | 3,999,600 | 5,332,800 | 3,999,600 | |
| Section 6 formula | 4,999,600 | 4,332,800 | 3,999,600 | |
| Assume regional budget = | | | | 13,334,000 |
| Regional formula | 4,000,200 | 5,333,600 | 4,000,200 | |
| Section 6 formula | 5,000,200 | 4,333,600 | 4,000,200 | |

In this hypothetical three-town district, Town A's required contribution, as calculated by the Department, is $4,000,000, and it has thirty percent of the district's enrollment. If the total district budget were $13,332,000, and if this were allocated by the regional agreement, then Town A's assessment would be 30%, or $3,999,600. Because this is less than the required contribution, the section 6 formula would have to be used, and Town A's assessment would be $4,999,600.[1] But if the total district budget were to increase by only $2,000 to $13,334,000, then Town A's assessment under the regional formula would increase to $4,000,200, which exceeds the required minimum (as do the amounts for the other two towns). If the law were interpreted to

---

[1] The total district budget exceeds the total required contributions by $3,332,000. Town A is assessed thirty percent of this excess amount ($999,600) plus its minimum requirement ($4,000,000).

allow the regional formula to apply in this case, it would mean that a **$2,000 increase** in the total district budget results in a **$999,400 decrease** in Town A's assessment. It is hard to imagine that the Legislature intended this result.

The law does permit a regional school district to apportion all of its costs in accordance with the regional school district agreement, provided that all of the member towns agree. G.L. c. 71, § 16B, paragraph 3 reads as follows:

> The members of a regional school district…may elect to reallocate the sum of their required local contributions to the district in accordance with the regional agreement; provided, however, that the total sum of their required contributions shall not be decreased. Election shall be by approval of all members of the district. Approval of each member shall be given by majority vote at an annual or special town meeting… The commissioner of education shall be notified upon the adoption of this section by the district. Nothing in this section shall be construed to affect the calculation of the members' required local contributions for any succeeding year as provided by chapter seventy of the General Laws.

In Town of Holden v. Wachusett Regional School District Committee, the court determined that pursuant to G.L c. 71 § 16B, the minimum required contributions of the member towns "may only be divided according to the terms of the regional agreement if all of the member towns agree." To elect this option, the regional budget and the corresponding assessments must be approved by all of the member towns. If any town disapproves of its assessment under this option, the budget is deemed to be disapproved, and the school committee will need to reapportion the budget using the section 6 formula and resubmit it to the towns.

It is our understanding that Tantasqua's final FY04 assessments were based on the regional formula rather than the section 6 formula, notwithstanding the fact that the district did not obtain the requisite unanimous approval of the member towns. There is no case law as to whether the district is obligated to correct the assessments at this late date in the fiscal year. As a matter of policy, we would recommend that any questions regarding the accuracy of assessment calculations be raised at the time of the budget votes. At this point in the year, any adjustment would require either an upward adjustment of some assessments, possibly in violation of the tenth paragraph of G.L. c.71 s. 16B, or reductions in the school district's budget, which would be almost impossible to implement. Given that the costs of litigating this issue would likely far exceed the amounts involved for this year, I would urge the towns to accept the existing assessments for FY04 and focus their efforts on correcting the assessment process for FY05 and subsequent years.

I hope this opinion is helpful.

Sincerely,

David P. Driscoll
Commissioner of Education

C:    Superintendent Kathleen H. Reynolds
Board of Selectmen, Town of Brimfield
Board of Selectmen, Town of Brookfield
Board of Selectmen, Town of Holland
Board of Selectmen, Town of Sturbridge
Board of Selectmen, Town of Wales
Commissioner Alan LeBovidge, Dept. of Revenue
Jeff Wulfson, Associate Commissioner, School Finance and District Support
Debra Comfort, Legal Counsel

# 05-40002

%JS 44 (Rev. 11/04)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS

Town of Sturbridge

### DEFENDANTS

The Tantasqua Regional School District, Towns of Brimfield, Brookfield, Holland and Wales, and David P. Driscoll in his capacity as Commissioner of the Dept. of Education

**(b)** County of Residence of First Listed Plaintiff   Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Worcester
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Patrick J. Costello, Esq.
Merrick, Louison & Costello LLP; 67 Batterymarch St.
Boston, MA 02110

Attorneys (If Known)
Michael J. Coyne, Esq.
Bacon & Wilson, P.C.
33 State St., Springfield, MA 01103

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

### V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Equal Protection Clause of U.S. Constitution
Brief description of cause:

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY

(See instructions)

JUDGE

DOCKET NUMBER

DATE
January 7, 2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1.  **TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)** __Town of Sturbridge v.__

The _Tantasqua Regional School District of Brimfield, Brookfield, HOlland and Wales, et al_

2  **CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET   (SEE LOCAL RULE 8(a))**

—  I.  160, 410, 470, 535, R 23, REGARDLESS OF NATURE OF SUIT

X  II.  195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730, 740, 790,791, 820, 830, 840, 850, (890) 892-894, 895, 950

—  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891

—  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900

—  V.  150, 152, 153

3   **TITLE AND NUMBER, IF ANY, OF RELATED CASES  (SEE LOCAL RULE 8(a))**
_____ _NONE_ _____

4   **HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?** _NO_

5   **DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?** _NO_
IF SO, IS THE U S A OR AN OFFICER, AGENT OR EMPLOYEE OF THE U S A PARTY? (SEE 28 USC 2403)
_____

6   **IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?** _NO_

7   **DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - SEE LOCAL RULE 8(c)   YES**_____
OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - SEE LOCAL RULE 8(d). _(YES)_

8   **DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?** _(YES)_
(a)   IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _WORCESTER_

9   **IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?**_____

10  **IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U S A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION**_____ **OR WESTERN SECTION**_____

**(PLEASE TYPE OR PRINT)**
**ATTORNEY'S NAME**____ Michael J. Coyne
**ADDRESS**__ Bacon & Wilson, P.C., 33 State Street, Springfield, MA 01103
**TELEPHONE NO** ____ 413-781-0560

**(COVER SHT-09/89)**