UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-40002-FDB

| | |
|---|---|
| TOWN OF STURBRIDGE,<br><br>Plaintiff<br><br>v.<br><br>THE TANTASQUA REGIONAL SCHOOL DISTRICT, TOWNS OF BRIMFIELD, BROOKFIELD, HOLLAND AND WALES, AND DAVID DRISCOLL, IN HIS CAPACITY AS COMMISSIONER OF EUCATION FOR THE MASSACHUSETTS DEPARTMENT OF EDUCATION,<br><br>Defendants | **ANSWER AND AFFIRMATIVE DEFENSES OF THE DEFENDANT, TOWN OF BRIMFIELD** |

## PARTIES

1. The Defendant admits the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2. The Defendant admits the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3. The Defendant, Town of Brimfield admits that it is a municipality with a principal place of business located at Brimfield Town Hall in Brimfield, Massachusetts. Said Defendant, however, denies that it is located in Worcester County.

4. The Defendant admits the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5. The Defendant admits the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6. The Defendant admits the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7. The Defendant admits the allegations contained in paragraph 7 of the Plaintiff's Complaint.

## FACTS

8. The Defendant admits the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9. The Defendant admits the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10. The Defendant admits the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11. The Defendant admits the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12. The Defendant admits the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13. The Defendant admits the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14. The Defendant admits the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15. The Defendant admits the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16. The Defendant admits the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17. The Defendant admits the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18. The Defendant has insufficient information to either admit or deny the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19. The Defendant denies the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20. The Defendant denies the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21. The Defendant admits the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22. The Defendant admits the allegations contained in paragraph 22 of the Plaintiff's Complaint.

23. The Defendant admits the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24. The Defendant admits the allegations contained in paragraph 24 of the Plaintiff's Complaint.

25. The Defendant admits the allegations contained in paragraph 25 of the Plaintiff's Complaint.

26. The Defendant has insufficient information to either admit or deny the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27. The Defendant has insufficient information to either admit or deny the allegations contained in paragraph 27 of the Plaintiff's Complaint.

28. The Defendant has insufficient information to either admit or deny the allegations contained in paragraph 28 of the Plaintiff's Complaint.

29. The Defendant has insufficient information to either admit or deny the allegations contained in paragraph 29 of the Plaintiff's Complaint.

30. The Defendant denies the allegations contained in paragraph 30 of the Plaintiff's Complaint.

## COUNT I

### (Breach of Contract)
### Towns of Brimfield, Brookfield, Holland and Wales

31. The Defendant reasserts and realleges its answers to the allegations contained in paragraphs 1 through 30 of the Plaintiff's Complaint.

32. The Defendant admits the allegations contained in paragraph 32 of the Plaintiff's Complaint, however, the Education Reform Act of 1993, specifically M.G.L. Chapter 70, §6, now requires that the apportionment be done in accordance with the terms and conditions of said statute.

33. Paragraph 33 of the Plaintiff's Complaint constitutes a conclusion of law, and therefore no answer is required of the Defendant, Town of Brimfield.

34. The Defendant denies the allegations contained in paragraph 34 of the Plaintiff's Complaint.

35. The Defendant denies the allegations contained in paragraph 35 of the Plaintiff's Complaint.

WHEREFORE, the Defendant, Town of Brimfield requests that the Court dismiss Count I of the Plaintiff's Complaint, as it is not entitled to any relief as a matter of law, and award the Defendant its costs.

## COUNT II

### (Breach of the Implied Duty of Good Faith and Fair Dealing)
### Towns of Brimfield, Brookfield, Holland and Wales and Tantasqua Regional School District

36. The Defendant reasserts and realleges its answers to the allegations contained in paragraphs 1 through 35 of the Plaintiff's Complaint.

37. The Defendant admits the allegations contained in paragraph 37 of the Plaintiff's Complaint.

38. Paragraph 38 of the Plaintiff's Complaint constitutes conclusions of law, and therefore no answer is required of the Defendant, Town of Brimfield.

39. The Defendant denies the allegations contained in paragraph 39 of the Plaintiff's Complaint.

40. The Defendant denies the allegations contained in paragraph 40 of the Plaintiff's Complaint.

41. The Defendant admits the allegations contained in paragraph 41 of the Plaintiff's Complaint.

42. The Defendant denies the allegations contained in paragraph 42 of the Plaintiff's Complaint.

43. The Defendant denies the allegations contained in paragraph 43 of the Plaintiff's Complaint.

WHEREFORE, the Defendant, Town of Brimfield requests that the Court dismiss Count II of the Plaintiff's Complaint, as it is not entitled to any relief as a matter of law, and award the Defendant its costs.

### COUNT III

### Declaratory Judgment
**(The provisions of G.L. c. 71, §16B and the Tantasqua Regional School District Agreement govern the Regional School District Budget Assessment Process)**

44. The Defendant reasserts and realleges its answers to the allegations contained in paragraphs 1 through 43 of the Plaintiff's Complaint.

45. Paragraph 45 of the Plaintiff's Complaint constitutes conclusions of law, and therefore no answer is required of the Defendant, Town of Brimfield,

46. Paragraph 46 of the Plaintiff's Complaint constitutes conclusions of law, and therefore no answer is required of the Defendant, Town of Brimfield,

47. The Defendant admits the allegations contained in paragraph 47 of the Plaintiff's Complaint.

48. Paragraph 48 of the Plaintiff's Complaint constitutes conclusions of law, and therefore no answer is required of the Defendant, Town of Brimfield,

49. The Defendant has insufficient information to either admit or deny the allegations contained in paragraph 49 of the Plaintiff's Complaint.

50. The Defendant admits the allegations contained in paragraph 50 of the Plaintiff's Complaint.

51. Paragraph 51 of the Plaintiff's Complaint constitutes conclusions of law, and therefore no answer is required of the Defendant, Town of Brimfield,

52. The Defendant denies the allegations contained in paragraph 52 of the Plaintiff's Complaint.

WHEREFORE, the Defendant, Town of Brimfield requests that the Court dismiss Count III of the Plaintiff's Complaint, as it is not entitled to any relief as a matter of law, and award the Defendant its costs.

## COUNT IV

### Declaratory Judgment
### (The provisions of Chapter 70, Section 6 violate equal protection)

53. The Defendant reasserts and realleges its answers to the allegations contained in paragraphs 1 through 52 of the Plaintiff's Complaint.

54. The Defendant denies the allegations contained in paragraph 54 of the Plaintiff's Complaint.

55. The Defendant admits the allegations contained in paragraph 55 of the Plaintiff's Complaint.

56. The Defendant denies the allegations contained in paragraph 56 of the Plaintiff's Complaint.

57. The Defendant denies the allegations contained in paragraph 57 of the Plaintiff's Complaint.

WHEREFORE, the Defendant, Town of Brimfield requests that the Court dismiss Count IV of the Plaintiff's Complaint, as it is not entitled to any relief as a matter of law, and award the Defendant its costs.

## COUNT V

### Declaratory Judgment
(The provisions of G.L. c. 70, Section 6 Violate Due Process)

58. The Defendant reasserts and realleges its answers to the allegations contained in paragraphs 1 through 57 of the Plaintiff's Complaint.

59. The Defendant admits the allegations contained in paragraph 59 of the Plaintiff's Complaint.

60. The Defendant denies the allegations contained in paragraph 60 of the Plaintiff's Complaint.

WHEREFORE, the Defendant, Town of Brimfield requests that the Court dismiss Count V of the Plaintiff's Complaint, as it is not entitled to any relief as a matter of law, and award the Defendant its costs.

## COUNT VI

### Declaratory Judgment

(The minimum local contribution mandate under Chapter 70, Section 6 constitutes an unfounded local mandate in violation of Chapter 29, Section 27C)

61. The Defendant reasserts and realleges its answers to the allegations contained in paragraphs 1 through 60 of the Plaintiff's Complaint.

62. The Defendant admits the allegations contained in paragraph 62 of the Plaintiff's Complaint.

63. The Defendant denies the allegations contained in paragraph 63 of the Plaintiff's Complaint.

WHEREFORE, the Defendant, Town of Brimfield requests that the Court dismiss Count VI of the Plaintiff's Complaint, as it is not entitled to any relief as a matter of law, and award the Defendant its costs.

## COUNT VII

### Declaratory Judgment

**(The Department of Education has failed to fulfill its legal duty under G.L. c. 69, §1B to see to it that all local School Committees comply with all laws relating to operations of public schools)**

64. The Defendant reasserts and realleges its answers to the allegations contained in paragraphs 1 through 63 of the Plaintiff's Complaint.

65. The Defendant admits the allegations contained in paragraph 65 of the Plaintiff's Complaint.

66. The Defendant has insufficient information to either admit or deny the allegations contained in paragraph 66 of the Plaintiff's Complaint.

67. The Defendant has insufficient information to either admit or deny the allegations contained in paragraph 67 of the Plaintiff's Complaint.

68. The Defendant has insufficient information to either admit or deny the allegations contained in paragraph 68 of the Plaintiff's Complaint.

69. The Defendant has insufficient information to either admit or deny the allegations contained in paragraph 69 of the Plaintiff's Complaint.

70. The Defendant has insufficient information to either admit or deny the allegations contained in paragraph 70 of the Plaintiff's Complaint.

71. The Defendant denies the allegations contained in paragraph 71 of the Plaintiff's Complaint.

72. The Defendant denies the allegations contained in paragraph 72 of the Plaintiff's Complaint.

WHEREFORE, the Defendant, Town of Brimfield requests that the Court dismiss Count VII of the Plaintiff's Complaint, as it is not entitled to any relief as a matter of law, and award the Defendant its costs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Provisions of M.G.L. Chapter 70, §6 take precedence over the formula outlined in the Regional Agreement for apportioning the minimum regional contributions of the School District's members, and as a result, the Plaintiff's Complaint should be dismissed in its entirety.

### SECOND AFFIRMATIVE DEFENSE

The formula outlined in the Regional Agreement defines the method of allocating assessments to the member towns which are over and above the minimum requirements. Massachusetts law provides a mechanism for the members of the Regional School Districts to override M.G.L. c. 70, §6 and apportion all of the costs solely according to the terms of the Regional Agreement. Said formula requires all member towns to agree. As a result, the Plaintiff's Complaint, in its entirety, must be dismissed.

### THIRD AFFIRMATIVE DEFENSE

The Department of Education formula for assessments supersedes the provisions in the Regional School Agreement relating to the minimum required contributions to be paid by each town.

## FOURTH AFFIRMATIVE DEFENSE

The Massachusetts legislature intended for the statute (M.G.L. Chapter 70, §6) to supersede any formulas outlined in Regional School Agreements relating to the apportionment of the minimum regional contributions of the members of a school district.

The Defendant,
Town of Brimfield,
By Its Attorney,

MICHAEL J. COYNE, ESQUIRE
BACON & WILSON, P.C.
33 State Street
Springfield, MA 01103
Ph: (413) 781-0560
Fax: (413) 739-7740
BBO# 541834
January 20, 2005

## CERTIFICATE OF SERVICE

I, MICHAEL J. COYNE, hereby certify that on January 20, 2005, I caused a copy of the foregoing **Answer and Affirmative Defenses of the Defendant, Town of Brimfield** to be served upon all interested parties by mailing a copy thereof, postage prepaid, first class mail to:

Patrick J. Costello, Esquire
Merrick, Louison & Costello
67 Batterymarch
Boston, MA 02110

Ginny Sinkel, Assistant Attorney General
Government Bureau
One Ashburton Place, Room 2019
Boston, MA 02108

Vincent J. McCaughey, Esquire
P.O. Box 601
807 Main Street
Warren, MA 01083

Janet H. Pumphrey, Esquire
45 Walker Street
Lenox, MA 01240

Thomas J. Harrington, Esquire
Pickett, Miyares & Harrington, LLP
124 Watertown Street
Watertown, MA 02472

Carole Sakowski-Lynch, Esquire
Morrison Mahoney, LLP
1500 Main Street, Suite 2400
P.O. Box 15387
Springfield, MA 01115-5387

MICHAEL J. COYNE

363782