

COMMONWEALTH OF MASSACHUSETTS,
FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

WORCESTER, SS.                                    CIVIL ACTION NO. 05-40002-FDB

TOWN OF STURBRIDGE, Plaintiff )
 )
VS. )
 )
THE TANTASQUA REGIONAL )
SCHOOL DISTRICT, TOWNS OF )
BRIMFIELD, BROOKFIELD, )
HOLLAND AND WALES, AND )
DAVID DRISCOLL, IN HIS CAPACITY )
AS COMMISSIONER OF EDUCATION )
FOR THE MASSACHUSETTS DEPART-)
MENT OF EDUCATION, Defendants )

## ANSWER OF THE DEFENDANT, TOWN OF HOLLAND

### **Parties**

1. The Defendant, Town of Holland, admits the allegations in Paragraph 1 of Plaintiff's Complaint.

2. The Defendant, Town of Holland, admits the allegations in Paragraph 2 of Plaintiff's Complaint.

3. The Defendant, Town of Holland, admits the allegations in Paragraph 3 of Plaintiff's Complaint.

4. The Defendant, Town of Holland, admits the allegations in Paragraph 4 of Plaintiff's Complaint.

5. The Defendant, Town of Holland, admits the allegations in Paragraph 5 of Plaintiff's Complaint.

6. The Defendant, Town of Holland, admits the allegations in Paragraph 6 of Plaintiff's Complaint.

7.    The Defendant, Town of Holland, admits the allegations in Paragraph 7 of Plaintiff's Complaint.

## Facts

8.    The Defendant, Town of Holland, admits the allegations in Paragraph 8 of Plaintiff's Complaint.

9.    The Defendant, Town of Holland, admits the allegations in Paragraph 9 of Plaintiff's Complaint.

10.    The Defendant, Town of Holland, admits the allegations in Paragraph 10 of Plaintiff's Complaint.

11.    The Defendant, Town of Holland, admits the allegations in Paragraph 11 of Plaintiff's Complaint.

12.    The Defendant, Town of Holland admits the allegations in Paragraph 12 of Plaintiff's Complaint.

13.    The Defendant, Town of Holland, admits the allegations in Paragraph 13 of Plaintiff's Complaint.

14.    The allegations contained in Paragraph 14 of Plaintiff's Complaint are a statement of law and do not require admission or denial by the Defendant.

15.    The allegations contained in Paragraph 15 of Plaintiff's Complaint are a statement of law and do not require admission or denial by the Defendant.

16.    The Defendant, Town of Holland, admits the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.    The Defendant, Town of Holland, admits that for the years 1952 through fiscal year 2005 that Tantasqua utilized the assessment apportionment formula set forth in the Regional

Agreement as a basis for determining each Member Tow's contribution to the annual budget of the Regional School District but denies that said assessment was in accordance with General Laws, Chapter 71, Section 16B and states that it is without information as to whether the Department of Education approved the Tantasqua budget.

18.    The Defendant, Town of Holland, is without sufficient information at this time as to whether to admit or deny the allegations contained in Paragraph 18 of Plaintiff's Complaint and calls upon the Plaintiff to do the same.

19.    The Defendant, Town of Holland, is without sufficient information at this time as to whether to admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint and calls upon the Plaintiff to do the same.

20.    The Defendant, Town of Holland, is without sufficient information at this time as to whether to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint and calls upon the Plaintiff to do the same.

21.    The Defendant, Town of Holland, admits that for fiscal year 2005 the Tantasqua Regional School District first applied M.G.L. Chapter 70, Section 6 in determining an apportionment formula but denies the other allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.    The Defendant, Town of Holland, is without sufficient information and belief as to the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.    The Defendant, Town of Holland, is without sufficient information and belief as to the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.    The Defendant, Town of Holland, is without sufficient information and belief as to the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.   The Defendant, Town of Holland, is without sufficient information and belief as to the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.   The Defendant, Town of Holland, is without sufficient information and belief as to the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.   The Defendant, Town of Holland, is without sufficient information and belief as to the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.   The Defendant, Town of Holland, is without sufficient information and belief as to the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.   The Defendant, Town of Holland, is without sufficient information and belief as to the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.   The Defendant, Town of Holland, denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

**COUNT I**
(Breach of Contract)
Towns of Brimfield, Brookfield, Holland and Wales

31.   The Defendant, Town of Holland, repeats and restates the answers contained in Paragraphs 1 through 31 as if set forth in full herein.

32.   The Defendant, Town of Holland, admits the allegation contained in Paragraph 32 of Plaintiff's Complaint except to the extent of other legal limitations placed on said Agreement.

33.   The Defendant, Town of Holland, denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.   The Defendant, Town of Holland, denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.     The Defendant, Town of Holland, denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

## COUNT II
### (Breach of Implied Duty of Good faith and Fair Dealing)
### Towns of Brimfield, Brookfield, Holland and Wales and
### Tantasqua Regional School District

36.     The Defendant, Town of Holland, repeats and restates the answers contained in Paragraphs 1 through 31 as if set forth in full herein.

37.     The Defendant, Town of Holland, admits the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     The Defendant, Town of Holland, states that the allegations contained in Paragraph 38 of Plaintiff's Complaint constitute a conclusion of law and as a result no answer is required.

39.     The Defendant, Town of Holland, denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.     The Defendant, Town of Holland, denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.     The Defendant, Town of Holland, states that the allegations contained in Paragraph 41 of Plaintiff's Complaint constitute a conclusion of law and as a result no answer is required.

42.     The Defendant, Town of Holland, denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.     The Defendant, Town of Holland, denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

## COUNT III
### (Declaratory Judgment)
### (The provisions of G.L. c.71, §16B and the Tantasqua Regional School District Agreement govern the Regional School District Budget Assessment Process)

44.    The Defendant, Town of Holland, repeats and restates the answers set forth in Paragraphs 1 through 31, as if each were fully set forth herein.

45.    The Defendant, Town of Holland, states that the allegations contained in Paragraph 45 of Plaintiff's Complaint constitute a conclusion of law and as a result no answer is required.

46.    The Defendant, Town of Holland, states that the allegations contained in Paragraph 46 of Plaintiff's Complaint constitute a conclusion of law and as a result no answer is required.

47.    The Defendant, Town of Holland, admits the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.    The Defendant, Town of Holland, states that the allegations contained in Paragraph 48 of Plaintiff's Complaint constitute a conclusion of law and as a result no answer is required.

49.    The Defendant, Town of Holland, states that it is without sufficient knowledge as to whether to admit or deny the allegations contained in Paragraph 49 of Plaintiff's complaint.

50.    The Defendant, Town of Holland, states that it is without sufficient knowledge as to whether to admit or deny the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.    The Defendant, Town of Holland, states that the allegations contained in Paragraph 51 of Plaintiff's Complaint constitute a conclusion of law and as a result no answer is required.

52.    The Defendant, Town of Holland, denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

## COUNT IV
### (Declaratory Judgment)
### (The provisions of Chapter 70, Section 6 violate equal protection)

53.    The Defendant, Town of Holland repeats and restates its answers contained in Paragraphs 1 through 31 as if set forth in full herein.

54.    The Defendant, Town of Holland, denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.    The Defendant, Town of Holland, admits the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.    The Defendant, Town of Holland, denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.    The Defendant, Town of Holland, denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

## COUNT V
### (Declaratory Judgment)
### (The provisions of Chapter 70, Section 6 violate due process)

58.    The Defendant, Town of Holland, repeats and restates its answers contained in Paragraphs 1 through 31 as if set forth in full herein.

59.    The Defendant, Town of Holland, denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.    The Defendant, Town of Holland, denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

8

## COUNT VI

### (Declaratory Judgment)
#### (The minimum local contribution mandate under Chapter 70,
#### Section 6 constitutes an unfounded local mandate in violation of
#### Chapter 29, Section 27C)

61.     The Defendant, Town of Holland, repeats and restates its answers contained in
Paragraphs 1 through 31 as if set forth in full herein.

62.     The Defendant, Town of Holland, denies the allegations contained in Paragraph 62 of
Plaintiff's Complaint.

63.     The Defendant, Town of Holland, denies the allegations contained in Paragraph 63 of
Plaintiff's Complaint.

## COUNT VII

### (Declaratory Judgment)
#### (The Department of Education has failed to fulfill its legal duty under
#### G.L. c. 69, §1B to see to it that all local school committees comply
#### with all laws relating to operation of public schools

64.     The Defendant, Town of Holland, repeats and restates its answers contained in
Paragraphs 1 through 31 as if set forth in full herein.

65.     The Defendant, Town of Holland, admits the allegations contained in Paragraph 65 of
Plaintiff's Complaint.

66.     The Defendant, Town of Holland, states that it is without sufficient knowledge as to
whether to admit or deny the allegations contained in Paragraph 66 of Plaintiff's
Complaint.

67.     The Defendant, Town of Holland, denies the allegations contained in Paragraph 67 of
Plaintiff's Complaint.

68.    The Defendant, Town of Holland, states that it is without sufficient knowledge as to whether to admit or deny the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.    The Defendant, Town of Holland, denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.    The Defendant, Town of Holland, denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.    The Defendant, Town of Holland, denies the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.    The Defendant, Town of Holland, denies the allegations contained in Paragraph 72 of Plaintiff's Complaint.

WHEREFORE, the Defendant, Town of Holland, requests that the Court dismiss Counts I through VII of the Plaintiff's Complaint, as it is not entitled to any relief as a matter of law, and award the Defendant its costs.

## AFFIRMATIVE DEFENSES

73.    No actual controversy exists in this case. The Tantasqua Regional School District, by its Committee vote approved a budget which was apportioned to the member Towns including the Town of Sturbridge.  The town meeting of the Town of Sturbridge approved an apportionment which was eventually adopted by the Committee of the Tantasqua Regional School District, as a budget for the District.  As a result said vote, no actual controversy exists and the Defendant, Town of Holland requests the Court to dismiss Plaintiff's Complaint as a matter of law, and award the Defendant its costs.

10

74.  The Town of Sturbridge lacks standing in this case.  The budgetary process and
     apportionment as determined by the Tantasqua Regional District, through its Committee,
     was presented to the Town Meeting of the Town of Sturbridge.  The Town Meeting voted
     a different apportionment which was eventually approved by the Tantasqua Regional
     School District by its Committee vote.  Given said approval by the Regional School
     District and vote of the Sturbridge Town Meeting, the Plaintiff has no standing to
     complain concerning the outcome as the Plaintiff does in this case.

75.  The Defendant, Town of Holland, entered the Agreement to become a member of the
     Tantasqua Regional School District subject to Massachusetts General Laws and that
     Agreement is preempted by M.G.L. Chapter 70, Section 6 as to an apportionment
     scheme.  Any contractual requirements of the Agreement are preempted by that statute
     and any apportionment that contravenes that statute is an illegal apportionment.  The
     attempt of the Plaintiff to enforce such an illegal apportionment should be denied.

76.  The Defendant, Town of Holland, is excused from the performance required in the
     Tantasqua Regional School Agreement to the extent of the requirements provided in
     M.G.L. Chapter 70, Section 6.

77.  The Agreement between the five member Towns is a statutory mechanism allowing the
     Towns to act cooperatively as allowed by M.G.L. Chapter 71.  As a result, no contract
     exists between the parties.

78.  No privity of contract is established by the Agreement as alleged in Plaintiff's Complaint
     between the five member Towns.  The Regional School District Agreement is a statutory
     mechanism allowing the Towns to act cooperatively as provided by M.G.L. Chapter 71.

Any relief provided would be provided as a result of statutory requirements and not contractual requirements.

79.    The Plaintiff, Town of Sturbridge, as an entity created by the Commonwealth of Massachusetts, has no legal authority to challenge the statutory authority of the Commonwealth of Massachusetts to establish laws controlling activities of such a municipality.

WHEREFORE, the Defendant, Town of Holland, requests that the Court dismiss the Plaintiff's Complaint, as it is not entitled to any relief as a matter of law, and award the Defendant its costs.

FIRST COUNTERCLAIM

The Defendant, Town of Holland, in the above captioned action, hereby asserts the following claim as a counterclaim against the Plaintiff, Town of Sturbridge:

80.    As alleged by the Plaintiff in its Complaint (Paragraph 17), the Tantasqua Regional School District "utilized the assessment apportionment formula set forth in the Regional Agreement as the basis for determining each member town's contribution to the annual budget of the Regional School District" for the school years from 1952 to 2004.

81.    As a result of the adoption M.G.L. Chapter 70 in 1993, such an apportionment from 1993 to 2004 was a mistake of law which resulted in the Town of Sturbridge being assessed an amount less than required by the statute and some or all of the other four towns in the District being assessed amounts exceeding the statutory requirement.

82.    As a result of said mistake, the Town of Sturbridge had money which it should otherwise have been required to pay to Tantasqua Regional School District in an appropriate

12

apportionment and one or more of the other towns, including the Town of Holland were required to pay money which otherwise it would not have been required to pay.

SECOND COUNTERCLAIM

84.    The Defendant, Town of Holland demands an Accounting for school years 1993 through 2004 so as to determine appropriate amounts that should have been paid by the Town of Sturbridge and the Town of Holland and the other parties to this case so as to properly apply M.G.L. Chapter 70, Section 6 and to order payments and reimbursements as equity and law require.

WHEREFORE, the Defendant, Town of Holland, demands judgment against the Plaintiff by dismissing the Complaint in the above action and granting said Defendant judgment on its counterclaim against the Plaintiff for Defendant's damages together with costs and disbursements.

THE DEFENDANT, TOWN OF HOLLAND

by

Vincent J. McCaughey
Attorney for the Defendant, Town of Holland
807 Main St., P.O. Box 601
Warren, MA 01083
Tel. 413-436-9321
Fax 413-436-9322
B.B.O. No. 329020

Date: January 31, 2005

13

## CERTIFICATE OF SERVICE

I, Vincent J. McCaughey, hereby certify that on January 31, 2005, I caused a copy of the foregoing Answer of Defendant, Town of Holland, to be served upon all interested parties by mailing a copy thereof, postage prepaid, first class mail, to:

Patrick J. Costello, Esquire
Merrick, Louison & Costello
67 Batterymarch
Boston, MA 02110

Ginny Sinkel, Assistant Attorney General
Government Bureau
One Ashburton Place, Room 2019
Boston, MA 02108

Janet H. Pumphrey, Attorney at Law
45 Walker St.
Lenox, MA 01240

Thomas J. Harrington, Esquire
Pickett, Miyares & Harrington, LLP
124 Watertown St.
Watertown, MA 02472

Carole Sakowski-Lynch, Attorney at Law
Morrison Mahoney, LLP
1500 Main St., Suite 2400
P.O. Box 15387
Springfield, MA 01115-5387

Vincent J. McCaughey