UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-40002-FDB

| | |
|---|---|
| TOWN OF STURBRIDGE,<br>    Plaintiff<br><br>v.<br><br>THE TANTASQUA REGIONAL SCHOOL DISTRICT, TOWN OF BRIMFIELD, BROOKFIELD, HOLLAND AND WALES, AND DAVID DRISCOLL, in his capacity as COMMISSIONER OF EDUCATION FOR THE MASSACHUSETTS DEPARTMENT OF EDUCATION,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER OF THE DEFENDANT, TOWN OF BROOKFIELD, TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

### FIRST DEFENSE

The plaintiff's complaint fails to state a claim upon which relief can be granted

### SECOND DEFENSE

The defendant, Town of Brimfield, answers the plaintiff's complaint, paragraph by paragraph, as follows:

1. The defendant admits the allegations contained in paragraph 1 of plaintiff's complaint.

2. The defendant admits the allegations contained in paragraph 2 of plaintiff's complaint.

3. The defendant admits the allegations contained in paragraph 3 of plaintiff's complaint.

283220v1

4. The defendant admits the allegations contained in paragraph 4 of plaintiff's complaint.

5. The defendant admits the allegations contained in paragraph 5 of plaintiff's complaint.

6. The defendant admits the allegations contained in paragraph 6 of plaintiff's complaint.

7. The defendant admits the allegations contained in paragraph 7 of plaintiff's complaint.

8. The defendant admits the allegations contained in paragraph 8 of plaintiff's complaint.

9. The defendant admits the allegations contained in paragraph 9 of plaintiff's complaint.

10. The defendant admits that the regional agreement apportions annual costs according to a formula contained in the agreement. The defendant states that no response is required to the remaining allegations contained in paragraph 10 of plaintiff's complaint since they contain a conclusion of law.

11. The defendant admits the allegations contained in paragraph 11 of plaintiff's complaint.

12. The defendant admits the allegations contained in paragraph 12 of plaintiff's complaint.

13. The defendant admits the allegations contained in paragraph 13 of plaintiff's complaint.

283220v1

14. No response is required to paragraph 14 of the plaintiff's complaint since it contains a conclusion of law.

15. No response is required to paragraph 15 of the plaintiff's complaint since it contains a conclusion of law.

16. The defendant admits the allegations contained in paragraph 16 of plaintiff's complaint.

17. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of plaintiff's complaint.

18. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of plaintiff's complaint.

19. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of plaintiff's complaint.

20. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of plaintiff's complaint.

21. The defendant admits that Tantasqua utilized an apportionment formula for the 2005 budget pursuant to M.G.L. c. 70, § 6, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of plaintiff's complaint.

22. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of plaintiff's complaint.

23. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of plaintiff's complaint.

283220v1

24. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of plaintiff's complaint.

25. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of plaintiff's complaint.

26. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of plaintiff's complaint.

27. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of plaintiff's complaint.

28. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of plaintiff's complaint.

29. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 29 of plaintiff's complaint. The defendant denies the allegations contained in the second sentence of paragraph 29 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

30. The defendant denies the allegations contained in paragraph 30 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

## COUNT I

31. The defendant repeats and realleges its responses to paragraphs 1 through 30 of the plaintiff's complaint and incorporates the same by reference as if fully set forth herein.

32. The defendant admits that it is a party to the Tantasqua Regional School District Agreement but denies the remaining allegations contained in paragraph 32 of the plaintiff's complaint to the extent that the agreement conflicts with G.L. c. 70, § 6 which supersedes the Agreement.

283220v1

33. No response is required to paragraph 33 of the plaintiff's complaint since it contains a conclusion of law.

34. The defendant denies the allegations contained in paragraph 34 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

35. The defendant denies the allegations contained in paragraph 35 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

## COUNT II

36. The defendant repeats and realleges its responses to paragraphs 1 through 35 of the plaintiff's complaint and incorporates the same by reference as if fully set forth herein.

37. The defendant admits the allegations contained in paragraph 37 of plaintiff's complaint.

38. No response is required to paragraph 38 of the plaintiff's complaint since it contains a conclusion of law.

39. The defendant denies the allegations contained in paragraph 39 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

40. The defendant denies the allegations contained in paragraph 40 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

41. No response is required to paragraph 41 of the plaintiff's complaint since it contains a conclusion of law.

42. The defendant denies the allegations contained in paragraph 42 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

43. The defendant denies the allegations contained in paragraph 43 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

283220v1

## COUNT III

44. The defendant repeats and realleges its responses to paragraphs 1 through 43 of the plaintiff's complaint and incorporates the same by reference as if fully set forth herein.

45. No response is required to paragraph 45 of the plaintiff's complaint since it contains a conclusion of law.

46. No response is required to paragraph 46 of the plaintiff's complaint since it contains a conclusion of law.

47. The defendant states that the annual regional school district budget must be approved by a 2/3 vote of the regional school district committee and by a 2/3 vote of the local appropriating authorities of the members municipalities.

48. The defendant denies the allegations contained in paragraph 48 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

49. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of plaintiff's complaint.

50. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of plaintiff's complaint.

51. No response is required to paragraph 51 of the plaintiff's complaint since it contains a conclusion of law.

52. The defendant denies the allegations contained in paragraph 52 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

## COUNT IV

53. The defendant repeats and realleges its responses to paragraphs 1 through 52 of the plaintiff's complaint and incorporates the same by reference as if fully set forth herein.

283220v1

54. The defendant denies the allegations contained in paragraph 54 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

55. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of plaintiff's complaint.

56. The defendant denies the allegations contained in paragraph 56 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

57. The defendant denies the allegations contained in paragraph 57 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

## COUNT V

58. The defendant repeats and realleges its responses to paragraphs 1 through 57 of the plaintiff's complaint and incorporates the same by reference as if fully set forth herein.

59. The defendant denies the allegations contained in paragraph 59 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

60. The defendant denies the allegations contained in paragraph 60 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

## COUNT VI

61. The defendant repeats and realleges its responses to paragraphs 1 through 60 of the plaintiff's complaint and incorporates the same by reference as if fully set forth herein.

62. The defendant denies the allegations contained in paragraph 62 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

63. The defendant denies the allegations contained in paragraph 63 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

283220v1

## COUNT VII

64.    The defendant repeats and realleges its responses to paragraphs 1 through 63 of the plaintiff's complaint and incorporates the same by reference as if fully set forth herein.

65.    The defendant admits the allegations contained in paragraph 65 of plaintiff's complaint.

66.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of plaintiff's complaint.

67.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of plaintiff's complaint.

68.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of plaintiff's complaint.

69.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of plaintiff's complaint.

70.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of plaintiff's complaint.

71.    The defendant denies the allegations contained in paragraph 71 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

72.    The defendant denies the allegations contained in paragraph 72 of the plaintiff's complaint and calls upon the plaintiff to prove the same.

## THIRD DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claims must be dismissed since the relationship between the plaintiff and the defendant was created by statute, not contract.

283220v1

## FOURTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claims must fail since the requirements for overriding G.L. c. 70, § 6 have not been met.

## FIFTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claims must fail since the decision to apportion costs pursuant to the provisions of G.L. c. 70, § 6 was made by the Tantasqua Regional School Committee, not by this defendant, and, thus, there was no breach of contract or implied duty by this defendant.

## SIXTH DEFENSE

By way of affirmative defense, the defendant states that there was no breach of contract or implied duty by this defendant since the defendant merely voted in favor of the budget proposal submitted by the Tantasqua Regional School Committee as is its right.

## SEVENTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claim for breach of implied duty of good faith and fair dealing must fail since the defendant did nothing to destroy or injure the right of the plaintiff to receive the fruits of the alleged contract.

## EIGHTH DEFENSE

By way of affirmative defense, the defendant states that the funding formulas established by G.L. c. 70, § 6 take precedence over the formula established by the regional school district agreement.

283220v1

## NINTH DEFENSE

By way of affirmative defense, the defendant states that G.L. c. 70, § 6 limits the provisions of G.L. c. 71, § 16B.

## TENTH DEFENSE

By way of affirmative defense, the defendant states that no actual controversy existed since the Tantasqua Regional School District correctly applied the provisions of M.G.L. c. 70, § 6 in apportioning costs to the member towns.

## ELEVENTH DEFENSE

By way of affirmative defense, the defendant states that the statutes at issue do not create a private cause of action against this defendant.

## TWELFTH DEFENSE

By way of affirmative defense, the defendant says that there was no binding enforceable contract entered into between the plaintiff and the defendant.

## THIRTEENTH DEFENSE

By way of affirmative defense, the defendant says that the plaintiff cannot recover in this action since there has been no consideration.

## FOURTEENTH DEFENSE

By way of affirmative defense, the defendant says that the plaintiff's claim of breach of contract must fail since the alleged contract was not in writing and, therefore, violates G.L. c. 259, the statute of frauds.

## FIFTEENTH DEFENSE

By way of affirmative defense, the defendant says that the plaintiff is not entitled to any damages since an award of damages would unjustly enrich the plaintiff.

283220v1

### SIXTEENTH DEFENSE

By way of affirmative defense, the defendant says that if the plaintiff suffered injuries or damages, as alleged, such injuries or damages were caused by someone or something for whose conduct the defendant was not and is not legally responsible.

### SEVENTEENTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff, by their conduct and actions and/or by the conduct and actions of their agents and servants, cannot recover in this action.

### EIGHTEENTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff by their conduct and activities is estopped to recover any judgment against the defendant.

### NINETEENTH DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claims must fail since they do not have standing to bring this action.

### TWENTIETH DEFENSE

In further answering, the defendant says that the plaintiff's claims are frivolous and not made in good faith, and the defendant, therefore, demands their costs and attorneys' fees pursuant to G.L. c. 231, § 6F.

### TWENTY-FIRST DEFENSE

By way of affirmative defense, the defendant state that the plaintiff has failed to bring their claims within the appropriate statutes of limitations.

283220v1

## JURY CLAIM

THE DEFENDANT CLAIMS A TRIAL BY JURY.

>THE DEFENDANT,
>TOWN OF BROOKFIELD
>
>BY ITS ATTORNEYS
>MORRISON MAHONEY LLP
>
>_____
>Carole Sakowski Lynch, BBO#547718
>1500 Main Street, Suite 2400
>P.O. Box 15387
>Springfield, MA 01115-5387
>(413) 737-4373
>(413) 739-3125 (Fax)

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by (mail) (by hand) on  2/7/05