UNITED STATES DISTRICT COURT
FOR DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-40002-FDS

TOWN OF STURBRIDGE,

                  Plaintiff,

v.

TANTASQUA REGIONAL SCHOOL
DISTRICT, *et al.*,

                  Defendants.

**THE COMMISSIONER OF EDUCATION'S MOTION TO REMAND TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

The defendant David Driscoll, in his official capacity as Commissioner of the Massachusetts Department of Education ("the Commissioner"), submits this motion to remand this case to the Massachusetts Superior Court. This case is a dispute between the Town of Sturbridge ("Sturbridge") and the four other member towns in a Massachusetts regional school district regarding the proper apportionment of costs among the towns under section 6 of the Massachusetts Education Reform Act, General Laws chapter 70. The plaintiff, Sturbridge, filed the complaint in the Massachusetts Superior Court, seeking one result under several separate theories: a return to the "head count" method of apportionment of costs among the towns that are parties to the Tantasqua Regional School District ("Tantasqua"), instead of the method set forth in G.L. c. 70, § 6, which requires apportionment using a wealth-based formula. Sturbridge named as defendants Tantasqua, the Commissioner, and the towns of Brimfield, Brookfield, Holland, and Wales.

The Town of Brimfield ("Brimfield") filed a notice of removal of the case to federal court. Removal is improper, however, because the federal court lacks subject matter jurisdiction over this action. Specifically, the central issue in this case is the application of G.L. c. 70, § 6, to regional school agreements, a question which is purely one of state law. Such a claim cannot be brought in federal court against a state official such as the Commissioner; accordingly, the entire case should be remanded to state court, the only forum with jurisdiction to decide it. Additionally, none of Brimfield's co-defendants joined in the Notice of Removal which, as set forth below, is required.

## FACTUAL BACKGROUND

On or about December 9, 2004, Sturbridge filed a seven-count complaint in the Worcester County Superior Court, seeking a declaration that, *inter alia*, the provisions of G.L. c. 71, § 16B, and the Tantasqua Regional School District Agreement, both of which allegedly require a head-count method of apportionment, are controlling with respect to the apportionment of costs among the member school districts, notwithstanding G.L. c. 70, § 6, the section of the Education Reform Act which requires apportionment using a wealth-based formula. In addition to causes of action based upon contractual theories and claims that wealth-based apportionment violates various other statutes governing education financing, the Complaint asserts that the Education Reform Act violates principles of due process and equal protection under both the state and federal constitutions. See Complaint at 8.

On or about January 7, 2005, Brimfield filed a notice of removal of the action in the

United States District Court for the Central District of Massachusetts.[1]  See Notice of Removal. None of Brimfield's five co-defendants joined in the Notice.  Brimfield bases its removal of the action on the federal equal protection claim asserted in the Complaint.  Id., ¶ 4.

## ARGUMENT

A.  THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS CASE BECAUSE THE STATE HAS IMMUNITY UNDER THE ELEVENTH AMENDMENT

A suit filed in state court may be removed to federal court *only* if the federal court would have had original subject matter jurisdiction over the suit.  Caterpillar, Inc. v. Williams, 482 U.S. 386 (1987).  See also 14A Wright, Miller & Cooper, Federal Practice and Procedure § 3721, at 189 (1985).  The removal statute does not in itself create jurisdiction; instead, removal statutes are strictly construed, Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941), and a defendant seeking to remove an action has the burden of establishing that a federal court has jurisdiction over the removed action.  BIW Deceived v. Local S6, Industrial Union of Marine and Shipbuilding Workers of America, 132 F.3d 824, 831 (1st Cir.1997).

The federal courts lack jurisdiction over "a claim that state officials violated state law in carrying out their official responsibilities" because such a case "is a claim against the state that is protected by the Eleventh Amendment."  Pennhust State School & Hospital v. Halderman, 465 U.S. 89, at 121.[2]  The Court reasoned:

[I]t is difficult to think of a greater intrusion on state sovereignty than when a

---

[1] Undersigned counsel did not receive a copy of the notice of removal until January 21, 2005.  See cover letter for filing notice of removal, attached as Exhibit A.

[2] State agencies and state officials sued in their official capacity are indistinguishable from the state for purposes of the Eleventh Amendment.  Pennhurst, 465 U.S. at 109; Dugan v. Rank, 372 U.S. 609, 620 (1963).

3

> federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.

Id. at 106.

Likewise, a case in which the state is a defendant may not be removed to federal court absent the state's consent. "States, subject to the Supreme Court's power of ultimate review of state judicial decisions, may invoke sovereign immunity under the Eleventh Amendment of the Constitution and thus consent to be sued only in their own courts; it is this proposition that protects a state from being brought into federal court by way of removal." 14A Wright, Miller & Cooper, Federal Practice and Procedure § 3721, at 356 (1998). In this case, Sturbridge has named a state defendant, the Commissioner of the Massachusetts Department of Education, and alleged that, through the Commissioner, the state has violated its own laws and Constitution. See Complaint at 6-11. Under the Eleventh Amendment, this Court lacks jurisdiction over these claims. Pennhurst, 465 U.S. at 121.

The only conceivable basis upon which this Court could have asserted jurisdiction over Sturbridge's claims against the Commissioner--*i.e.*, the limited carve-out from Eleventh Amendment immunity created by the Supreme Court--is Ex Parte Young, 209 U.S. 123 (1908), which is not applicable here. The Young doctrine provides that a plaintiff may seek prospective, injunctive relief against an individually named state defendant in federal court, but only to the extent that the plaintiff seeks to enjoin that official from a continuing violation of federal law. That is not what Sturbridge seeks in this case. Rather, Sturbridge alleges conflicts between facially valid state statutes and charges that the state defendant failed to fulfil its legal duties under state law. See Complaint at 7, 9-10. This is intrinsically a state-law cause of action. The

4

Young doctrine, therefore, does nothing to create a federal court forum for these claims.

With respect to Sturbridge's federal constitutional claims, this Court should presume that the Superior Court is capable of guaranteeing federal rights and abstain from exercising jurisdiction over those claims, especially where the Complaint implicates important state interests and the state proceedings will provide an adequate opportunity to raise federal constitutional challenges. Bettencourt v. Board of Reg. in Medicine, 904 F.2d 772, 776-77 (1st Cir. 1990); Younger v. Harris, 401 U.S. 37, 44, 91 S.Ct. 746, 750 (1971). The primary justification for abstention of federal courts is the unwarranted federal interference in interpretation and application of local statutory law. Oquendo v. Dorado Beach Hotel Corp., 382 F. Supp. 516, 518 (D.C. Puerto Rico 1974).[3] Under these circumstances, the entire case should be remanded so that the state courts can decide the central issue in this case, the application of G.L. c. 70, § 6, to regional school district agreements.

B.  REMOVAL IS IMPROPER WHERE BRIMFIELD'S CO-DEFENDANTS DID NOT JOIN IN THE NOTICE OF REMOVAL OF THE ACTION.

Pursuant to 28 U.S.C. § 1441, civil actions brought in state court can be removed to federal court under certain circumstances. It has long been established, however, that in cases

---

[3] Even if Sturbridge could bring federal constitutional claims against the state in federal court, which it cannot, the entire case should be remanded because it involves novel questions of state law which clearly predominate over the vague federal constitutional claim. See, e.g., Lang v. American Electric Power Co., Inc., 785 F. Supp 1331, 1334 (N.D. Ind. 1992) (remand warranted where state law questions predominate and all defendants had not joined in removal); Alber v. Illinois Dept. of Mental Health and Developmental Disabilities, 786 F.Supp. 1340, 1382 (N.D. Ill.1992) (not appropriate to exercise pendant party jurisdiction where novel questions of state law are involved). More specifically, this case is really about the Massachusetts Legislature's chosen method of apportionment of funding for regional school districts as set forth in G.L. c. 70, § 6. Thus, this entire case is properly a state court case because, ultimately, the Massachusetts state courts provide the only forum where each of Sturbridge's claims against each of the named defendants can be fully adjudicated on the merits.

with multiple defendants, *all* defendants must join in a petition to remove a case from state court to federal court. Chicago Rock Island & Pacific Railway Co. v. Martin, 178 U.S. 245, 248, 20 S.Ct. 854, 855 (1900) (construing predecessor to 28 U.S.C. § 1441); Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressman and Assistants' Local 349, 427 F.2d 325, 326-27 (5th Cir. 1970); In re: Federal Sav. and Loan Ins. Corp., 837 F. 2d 432, 434 (11th Cir. 1988). In this case, none of Brimfield's five named co-defendants joined in Brimfield's notice of removal. Thus, removal was improper and this Court should remand the case to the state court.

## CONCLUSION

Wherefore, the Commissioner respectfully requests that the Court allow his Motion to Remand this case to the Massachusetts Superior Court.

Respectfully submitted,

THE COMMISSIONER OF EDUCATION

By his attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

Ginny Sinkel, BBO# 629147
Assistant Attorney General
Administrative Law Division
Government Bureau
One Ashburton Place, Rm. 2019
Boston, MA 02108-1698
(617) 727-2200, ext.2096

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party (by mail) (by hand) on Feb. 10, 2005.

Date: Feb 10, 2005





## BACON & WILSON
### —P.C.—

ATTORNEYS AT LAW

MICHAEL S. RATNER
PAUL R. SALVAGE
GARY L. FIALKY
MICHAEL B. KATZ
PAUL H. ROTHSCHILD
STEPHEN N. KREVALIN
HYMAN G. DARLING
MARK J. BEGLANE
GARY G. BRETON
MICHAEL J. COYNE
KENNETH J. ALBANO
RICHARD A. CORBERT
ROBERT S. MURPHY, JR.
PHILIP R. SMITH
FRANCIS R. MIRKIN
MICHELLE M. BEGLEY*
MARTIN C. DUNN*
JULIE A. DIALESSI-LAFLEY*
GINA M. BARRY*
DONNA L. WEXLER
JUSTIN H. DION*
ADAM J. BASCH**
GIUSEPPE E. BELLAVITA
BENJAMIN M. COYLE
BRETT A. KAUFMAN
TODD C. RATNER
*ADMITTED ALSO IN CT
**ADMITTED ALSO IN NY

OF COUNSEL
JAMES M. SWEENEY
ELIZABETH A. GINTER

RETIRED
PHILIP C. SMITH

GEORGE A. BACON
(1869-1945)
PETER D. WILSON
(1906-1989)
JUSTIN COHEN
(1913-1987)
JAY A. GABRIEL
(1960-2004)

33 STATE STREET
SPRINGFIELD, MA 01103-2003
FAX (413) 739-7740
TELEPHONE (413) 781-0560

CHAPEL STREET
WESTFIELD, MA 01085-3062
FAX (413) 562-0548
TELEPHONE (413) 562-6611

51 PLEASANT STREET
NORTHAMPTON, MA 01060-3998
FAX (413) 586-5959
TELEPHONE (413) 584-3250

14 ELLA GRASSO TURNPIKE
WINDSOR LOCKS, CT 06096-1047
FAX (860) 654-1948
TELEPHONE (860) 623-8482

THE ONLY ATTORNEYS ADMITTED
IN CT ARE THOSE SPECIFIED ABOVE.

www.bacon-wilson.com

RECEIVED
JAN 21 2005
OFFICE OF THE ATTORNEY GENERAL
ADMINISTRATIVE LAW DIVISION

Legal

January 7, 2005

Patrick J. Costello, Esquire
Merrick, Louison & Costello
67 Batterymarch
Boston, MA 02110

RE:  **Town of Sturbridge vs. Tantasqua Regional School District, et al**
     **United States District Court for the District of Massachusetts**
     **Civil Action No: 05-40002**

Dear Attorney Costello:

Enclosed herein please find copies of the following pleadings I have filed with the United States District Court for the District of Massachusetts and the Worcester County Superior Court this date on behalf of my client, Town of Brimfield:

1. Notice of Removal; and

2. Two U.S. District Court Civil Action Cover Sheets.

Thank you for your anticipated cooperation in this matter.

Very truly yours,

MICHAEL J. COYNE

MJC/pc
Enclosures
29386.003
361804

cc:  Town Clerk, Town of Brookfield
     Tantasqua Regional School District
     Janet H. Pumphrey, Esquire
     Vincent J. McCaughey, Esquire
     Mr. David Driscoll, Commissioner
        Massachusetts Department of Education
     Carol M. DelNegro, Assistant to the Board of Selectmen
        Town of Brimfield